(April 25, 1917.)

## R. W. KATERNDAHL, Plaintiff, v. W. T. DAUGHERTY, Secretary of the State of Idaho, Defendant.

[164 Pac. 1017.]

MANDAMUS—STATUTES—PUBLICATION OF.

   1.   Under sec. 10 of art. 4 of the constitution, every bill passed by the legislature shall, before it becomes a law, be presented to the Governor. If he approve, he shall sign it and thereupon it shall become a law. *Held,* that where a bill, properly certified by the presiding officers of the two Houses of the legislature, was presented to the Governor and approved and signed by him, no amendment or alteration of the bill so approved and signed can be made.

   2.   Under chap. 141, 1913 Sess. Laws, p. 502, it is made the duty of the Secretary of State to publish or cause to be published in book form a sufficient number of books containing all the laws, resolutions and memorials passed by each session of the legislature of the state of Idaho. *Held,* that where a law is properly certified by the presiding officers of the two Houses of the legislature, and is approved and signed by the Governor and lodged in the office of the Secretary of State, such officer cannot be required by writ of mandate to make any alteration or insert any amendment in the law so certified and approved.

   [As to official duties the performance of which may be compelled by *mandamus,* see note in 125 Am. St. 492.]

Original application by R. W. Katerndahl for writ of mandate. Writ denied.

R. W. Katerndahl, *pro se.*

The court· may go back of the certificate or enrolled bill and investigate the journals of the various Houses of the legislature to ascertain whether the law was really passed and what the law really is. (*Weill v. Kenfield,* 54 Cal. 111; *Oakland Paving Co. v. Hilton,* 69 Cal. 479, 481, 11 Pac. 3; *People v. Dunn,* 80 Cal. 211, 13 Am. St. 118, 22 Pac. 140; *Tarr v. Western Loan etc. Co.,* 15 Ida. 741, 99 Pac. 1049, 21 L. R. A., N. S., 707; *State v. Wendler,* 94 Wis. 369, 68 N. W. 759; *Smithee v. Campbell,* 41 Ark. 471; *Colin v. Kingsley,* 5 Ida. 416, 49 Pac. 985, 38 L. R. A. 74.)

T. A. Walters, Atty. Genl., for Defendant.

In the case of *In re Drainage District No. 1,* 26 Ida. 311, 143 Pac. 299, L. R. A. 1915A., 1210, the court modified its holding in *Cohn v. Kingsley,* 5 Ida. 416, and while holding that the journal entries may be resorted to as evidence to prove either the regularity or the irregularity of the passage of a law, it held that unless the journal shows affirmatively that the legislature has failed to comply with each step required to be taken in the passage of an act under the provisions of the constitution, the presumption is that the legislature did comply with all of such provisions. (*State v. Lynch,* 169 Iowa, 148, 151 N. W. 81, L. R. A. 1915D, 119; *Field v. Clark,* 143 U. S. 649, 12 Sup. Ct. 495, 36 L. ed. 294.)

Where the journals of both Houses showed that an act was amended by adding a certain section but the enrolled act did not contain such section, the court presumed that the amendment was reconsidered and defeated. (*McKinnon v. Cotner,* 30 Or. 588, 49 Pac. 956.)

When the bill approved by the Governor and authenticated as the law requires is materially different from the bill passed by the two Houses, it will be held a nullity. (Sec. 52, Lewis' Sutherland Stat. Const.)

RICE, J.—This is an application for writ of mandate to require the defendant, as Secretary of State, to correct

enrolled House Bill No. 14 by inserting therein a certain amendment and to publish the same as so corrected.

By the agreed statement of facts, it appears that House Bill No. 14 was regularly passed by the House of Representatives and transmitted to the Senate; that the Senate amended the bill, passed the same as amended and transmitted it to the House; that the House thereupon concurred in the Senate amendment and passed the bill as amended; that it was referred to the committee on engrossed and enrolled bills for enrollment, and that thereafter it was reported correctly enrolled. The bill was signed by the Speaker of the House and transmitted to the Senate; it was duly signed by the President of the Senate and transmitted to the Governor for approval, and approved by the Governor, as enrolled, on the 20th day of March, 1917. It was further agreed that the bill now on file in the office of the Secretary of State, bearing the signatures of the presiding officers of the two Houses and the Governor, does not contain the amendment which was made by the Senate and agreed to by the House.

By the provisions of chap. 141, 1913 Sess. Laws, p. 502, it is made the duty of the Secretary of State to publish or cause to be published in book form a sufficient number of books containing all the laws, resolutions and memorials passed by each session of the legislature of the state of Idaho.

Sec. 10 of art. 4 of the constitution reads in part as follows: "Every bill passed by the legislature shall, before it becomes a law, be presented to the Governor. If he approve, he shall sign it, and thereupon it shall become a law; but if he did not approve, he shall return it with his objections to the house in which it originated, which house shall enter the objections at large upon its journals and proceed to reconsider the bill." Under this section of the constitution, no bill can become a law unless it is presented to the Governor for his approval. By the agreed statement of facts the bill as amended was never presented to the Governor

and therefore cannot be a law of the State.   This proposition is sufficient to dispose of this case.   ·

The question as to whether the bill as certified by the presiding officers of the two Houses of the legislature, and signed by the Governor, is a valid law is not presented in this case and will not be decided.

The writ is denied.

Budge, C. J., and Morgan, J., concur.