*In re* SLUSH'S ESTATE.

1. CONSTITUTIONAL LAW—STATUTES—TIME OF TAKING EFFECT—JUDICIAL REVIEW.
   The determination of the legislature in giving a statute immediate effect is reviewable by the courts (Const. 1908, art. 5, § 21).

2. SAME—LEGISLATIVE DISCRETION—ABUSE.
   Before declaring a statute inoperative because given immediate effect, it must appear that the legislature abused its prerogative in that respect (Const. 1908, art. 5, § 21).

3. SAME—PUBLIC SAFETY—STATUTES—IMMEDIATE EFFECT.
   Public safety, within meaning of State Constitution providing that legislature may give immediate effect to acts immediately necessary for preservation of public safety, has to do not only with safety and protection of persons, but also of their property (Const. 1908, art. 5, § 21).

4. SAME—PUBLIC PEACE, HEALTH OR SAFETY—STATUTES—IMMEDIATE
   EFFECT.

    If subject of statute has a real and substantial relation to public
    peace, health or safety, all doubt will be resolved in favor of
    the legislative judgment that it is immediately necessary within
    meaning of Constitution (art. 5, § 21).

5. SAME—STATUTORY EXTENSION OF TIME FOR CLOSING ESTATES OF
   DECEDENTS—IMMEDIATE EFFECT—DEPRESSION OF REAL PROPERTY
   VALUES—PROTECTION OF PROPERTY RIGHTS.

    Determination of legislature to give immediate effect to amenda-
    tory statute extending time permissible in which to close estates
    of decedents from 6 to 10 years *held*, constitutional, where
    passed by legislature when real estate market was greatly de-
    pressed, as its object in preventing creditors and others in-
    terested in estates, consisting largely of real estate, from suf-
    fering has a substantial relation to the protection of property
    rights (Const. 1908, art. 5, § 21; 3 Comp. Laws 1929, § 15695,
    as amended by Act No. 108, Pub. Acts 1935).

Appeal from Macomb; Reid (Neil E.), J. Sub-
mitted January 12, 1937. (Docket No. 101, Calendar
No. 39,322.) Decided March 1, 1937.

In the matter of the estate of Matthew Slush, de-
ceased. Petition by Mabelle Tennant, administratrix
*de bonis non* with will annexed, for an extension of
time within which to pay claims and legacies and
close the estate. Objections were filed thereto by
Charleston National Bank and Siler & Siler, credi-
tors. From order by probate court extending time,
creditors appealed to circuit court. Judgment af-
firming order of probate court. Creditors appeal.
Affirmed.

*John D. Lynch,* for estate.

*Bulkley, Ledyard, Dickinson & Wright (John G.
Garlinghouse,* of counsel), for creditors.

SHARPE, J.   Matthew Slush, a resident of the city of Mt. Clemens, died January 22, 1929, leaving a will which was admitted to probate February 25, 1929, in the probate court for Macomb county.   Mary J. Slush and Harry Slush were appointed joint executors with bond fixed at $5,000 each.   Harry Slush qualified by filing his bond February 27, 1929, and on that date joint letters testamentary were issued to him and Mary J. Slush; and an order entered allowing them one year to dispose of the estate and pay debts.   Mary J. Slush filed her bond and qualified April 11, 1929.   After the resignation of the executor and executrix December 23, 1932, Mabelle Tennant was appointed administratrix *de bonis non* with will annexed and since May, 1932, the court has made its order each year extending the time to close the estate.   On May 16, 1935, a petition was filed by the administratrix for a further extension of time in which to pay debts and legacies and settle the estate. The petition stated as reasons for the extension of time that the estate consisted mainly of real properties in Wayne and Macomb counties the sale of which could not be made without great sacrifice and the proceeds of which sale would be insufficient to pay the claims allowed against the estate.   On May 17, 1935, an order was entered by the probate court setting the date for hearing on the petition for June 11, 1935.   Publication of this order was made and copies of the order were served on all devisees and legatees under the will and upon creditors whose claims had been allowed.   On June 11, 1935, the appellant, the Charleston National Bank, and Siler & Siler, two of the creditors whose claims had been allowed, objected to the granting of the petition for the reason that under 3 Comp. Laws 1929, § 15695, the maximum

time allowed by the above statute for the closing of the estate would expire August 27, 1935, being six years and six months from the time of granting letters testamentary in the estate.

Prior to the hearing on the petition, Act No. 108, Pub. Acts 1935, was passed by more than a two-thirds vote of the members elected to each house of the legislature. This act amended Act No. 314, Pub. Acts 1915, ch. 56, § 2 (3 Comp. Laws 1929, § 15695), and was ordered to take immediate effect. The act was approved by the governor on May 28, 1935. The adjournment of the 1935 session of the legislature occurred on June 22, 1935.

On June 21, 1935, the order of the probate court granting the extension for a period of one year after May 16, 1935, was entered. Appellants appealed to the circuit court and on September 30, 1936, the order of the probate court was affirmed. The Charleston National Bank appeals.

The real question involved in this cause is the constitutionality of the provision giving immediate effect to Act No. 108, Pub. Acts 1935, extending the statutory period for payment of debts and legacies. Const. 1908, art. 5, § 21, provides that "the legislature may give immediate effect to acts making appropriations and acts immediately necessary for the preservation of the public peace, health, or safety."

In *Attorney General, ex rel. Barbour, v. Lindsay,* 178 Mich. 524, we held that the determination of the legislature in giving an act immediate effect is reviewable by this court. In *People v. Urcavitch,* 210 Mich. 431, we held that before declaring a law inoperative because it is given immediate effect, it must appear that the legislature abused its prerogative in that respect.

In *Newberry* v. *Starr,* 247 Mich. 404, an act providing that school districts in cities having portions of five or more districts should constitute a single school district was given immediate effect. The court said:

"The inquiry is: Has the statute in question any real or substantial relation to preservation of public health, peace, or safety? *Mugler* v. *Kansas,* 123 U. S. 623 (8 Sup. Ct. 273). Does it have a relation to these ends? *In re Jacobs,* 98 N. Y. 98 (50 Am. Rep. 636). See *People* v. *Urcavitch,* 210 Mich. 431; *People* v. *Stambosva,* 210 Mich. 436.

"As above set forth, school districts have most important duties relating to preservation of health, and less important duties respecting peace and safety. They differ from cities (duties suggested by Mr. Justice Brooke) in this regard only in degree. The reasoning in the *Lindsay Case* is applicable to this case."

*Industrial Bank of Wyandotte* v. *Reichert,* 251 Mich. 396, involved an act prohibiting the banking commissioner from granting further charters to industrial banks and was given immediate effect. We said:

"Public safety has to do not only with the safety and protection of persons, but also of their property. It is self-evident that a well-ordered banking system has very much to do with the safety of property."

In *Naudzius* v. *Lahr,* 253 Mich. 216, 227, (74 A. L. R. 1189, 30 N. C. C. A. 179), we said:

"It is not the province of the court to attempt to accurately ascertain and adjudicate the immediate necessity of the terms of the particular act, but if the subject of the law has a real and substantial relation to public peace, health, or safety, all doubt will be resolved in favor of the legislative judgment that

it is 'immediately necessary.' *Attorney General, ex rel. Barbour, v. Lindsay,* 178 Mich. 524; *People v. Urcavitch,* 210 Mich. 431; *People v. Stambosva,* 210 Mich. 436; *Newberry v. Starr,* 247 Mich. 404, 407.''

See, also, *Detroit Trust Co. v. Stormfeltz-Loveley Co.,* 257 Mich. 655 (88 A. L. R. 1263).

From the nature of the legislation involved in the case at bar, it is conclusive that, in the opinion of the legislature, the real estate market was greatly depressed; and that estates consisting largely of real estate should have more time in which to be closed, otherwise creditors and others interested in such estates would suffer. There can be no question as to the validity and necessity of such legislation, its object has a substantial relation to the protection of property rights.

We are unable to say that the legislature exceeded its constitutional limitations in giving the act immediate effect.

The judgment of the lower court is affirmed. Appellee may recover costs.

Fead, C. J., and North, Wiest, Butzel, Bushnell, Potter, and Chandler, JJ., concurred.