*In re* DeBANCOURT'S ESTATE.

DesNOYER *v.* SALVATION ARMY OF JACKSON, MICHIGAN.

1. EXECUTORS AND ADMINISTRATORS—EXTENSION OF TIME FOR PAYMENT OF DEBTS AND LEGACIES—NOTICE—HEARING.
   Extension of time for payment of debts and legacies may be made only upon application of the executor or administrator and can only be made upon notice and hearing (3 Comp. Laws 1929, §§ 15694, 15696 and § 15695 as amended by Act No. 108, Pub. Acts 1935).

2. WILLS—CONSTRUCTION BY PROBATE COURT—JURISDICTION.
   The probate court has jurisdiction and power to construe the will of a testator, in so far as construction is necessarily involved, in the exercise of its general jurisdiction over the administration of estates.

3. SAME—CONSTRUCTION BY PROBATE COURT—FINAL ACCOUNT.
   Question of construction of a will *held*, properly before probate and circuit courts where it was involved in the power to assign the testator's estate on the settlement of the executor's final account.

4. EXECUTORS AND ADMINISTRATORS—FIDUCIARIES—LEGATEES.
   The executor of a will stands in a fiduciary relation to all legatees, not only to legatees named in the will but to residuary legatees who may not be named therein.

5. WILLS—CONSTRUCTION—BEQUEST TO CHARITY—EVIDENCE.
   Money advanced to a local unit from general headquarters of a national charitable organization, which record shows to have been advanced for purposes of suit wherein local unit claimed bequest of money under a will and which was later withdrawn and returned to general headquarters, *held*, designed to impress trial court improperly in construing will and no part of local unit's building fund to which testator made a bequest to be paid when executor should be satisfied the new building would be completed and organization able to finance the same.

6. Same—Charitable Bequest—Conditions.

Executor of will containing bequest of money for erection of new building for local unit of a charitable organization when he should be satisfied the building would be completed and the organization would be able to finance it *held*, justified in refusing to pay sum over to the charity where after lapse of seven years no building was even started nor money on hand with which to commence or finance a building.

7. Same—Settlement of Estates—Conditional Legacies.

A testator has a right to rely upon the fact that his estate, under his will, will be probated in the usual and ordinary course through the probate court and that beneficiaries of legacies, given on compliance with certain conditions, would place themselves in a position so they would be entitled to legacy within period usually and ordinarily fixed by probate court for settlement of estates.

8. Same—Discretion of Executor—Burden of Proof as to Wrongful Motive.

So long as an executor exercises or attempts to exercise the power and discretion vested in him by a testator with respect to payment of a legacy, such discretion is not reviewable by the court except where the testator has proceeded from selfish, corrupt or improper motives and then burden of establishing such motives is upon complaining legatee.

9. Executors and Administrators—Construction of Will—Law of Case—Duty of Beneficiary of Legacy on Condition.

Final order of probate court construing will of testator and ordering bequest, which testator had directed executor to pay when satisfied building for charity would be completed and charity able to finance the same, held until further order of the court *held*, to establish law of the case and to impose upon legatee duty to act within a reasonable time.

10. Wills—Legacy on Condition—Acceptance.

When the right to a legacy is dependent upon the performance of onerous conditions imposed by the testator on the legatee, there is no presumption of the acceptance of the legacy and no acceptance in fact until such conditions have been performed.

11. Same—Legacy on Condition—Acceptance—Reasonable Time—Statute of Limitations.

Legacy to charity to be paid it on condition it satisfy executor of testator's will that building for which it was given would be completed and that charity would be able to finance it *held*,

to vest only on acceptance by the legatee, which acceptance must be taken within a reasonable time, i. e., the period of statute of limitations (3 Comp. Laws 1929, § 15695, as amended by Act No. 108, Pub. Acts 1935).

12. Limitation of Actions—Statutes—Prospective Operation—Procedure.

While statutes of limitation ordinarily operate prospectively only, a later statute which relates to a procedural matter in a pending case in which no rights have accrued under prior statute fixes the limit of time within which party must act if rights under conditional legacy are not to be forfeited (3 Comp. Laws 1929, § 15695, as amended by Act No. 108, Pub. Acts 1935).

Appeal from Jackson; Simpson (John), J. Submitted March 5, 1936. (Docket No. 75, Calendar No. 38,357.) Decided April 29, 1937.

In the matter of the estate of Leon DeBancourt, deceased. Petitions for allowance of final account, supplemental account and relative to the construction of a will filed by Norbert DesNoyer, executor. Objections to payment of a legacy to Salvation Army of Jackson, Michigan, filed by Marie Virginie Adele Merriaux Vilmant, residuary legatee. From order allowing final account and directing payment of legacy, executor and residuary legatee appealed to circuit court. Affirmed. Plaintiffs appeal. Affirmed and remanded.

*James J. Noon,* for executor.

*Jacob A. Tolonen,* for residuary legatee.

*N. E. Bailey* and *R. H. Rossman,* for defendant Salvation Army of Jackson, Michigan.

Potter, J. Leon DeBancourt, a resident of Jackson, died testate August 13, 1929, and his will was

admitted to probate in Jackson county, December 4, 1929. Norbert DesNoyer was appointed executor and gave a bond in the sum of $75,000. By the order admitting the will of deceased to probate and confirming DesNoyer as executor, the executor was given one year from December 4, 1929, in which to dispose of the estate and pay the debts and legacies of deceased.

The estate of deceased inventoried $98,918.98; and at the time this case was tried, there was yet on hand $500 in cash, a $11,000 real estate mortgage on the Russo building in the city of Jackson, Book-Cadillac bonds in the par amount of $5,000, and the DeBancourt hotel building in Jackson, assessed at $20,500 —in all, assets of the par amount of $37,500.

The will of deceased contained provisions which are here involved. The tenth paragraph of the will of deceased provided:

"I hereby give, devise and bequeath to the Salvation Army located in the city and county of Jackson, Michigan, the sum of $10,000 to be used by them in the erection of their new building, said money to be paid by my executor hereinafter named when he is satisfied that the building will be completed and that the said Salvation Army will be able to finance the same."

After naming certain specific bequests, all the rest, residue and remainder of testator's property, real or personal, wherever situated, was given, devised and bequeathed to Norbert DesNoyer, Sr., of Jackson county, Michigan, as trustee, to carry into effect the provisions thereafter set forth, and the fifteenth paragraph of the will of deceased provided:

"I hereby direct that after the payment of all my just debts and legacies as above provided for by my

executor that all the rest, residue and remainder of my property, as above set forth, be delivered to Norbert DesNoyer, Sr., of the city and county of Jackson, Michigan, my trustee and that said trustee or his successors shall have the power to invest and reinvest the property so delivered to him, and after the expenses of administration of the said estate is paid to deliver the income from said property to my heirs dividing it among them according to the provisions, except as hereinafter stated, as to shares, as provided in the statute of distribution in force in the State of Michigan, for a period of 15 years, and at the expiration of said 15 years, or sooner if deemed advisable by my trustee, I hereby authorize and direct that my trustee or his successor sell whatever property may be on hand from my estate and reduce the same to money and divide the said proceeds and any other money belonging to my estate among my lawful heirs, except as hereinafter stated, in the proportion and according to the terms of the statute of distribution of the State of Michigan then in force. No one bearing a relationship more distant than second cousin or their heirs, shall share in the distribution of my estate or the income thereof."

Various orders were made by the probate court in the progress of the administration. Under date of July 21, 1931, an account of the executor had been filed and was on that date allowed. In the order then made, the probate court provided:

"It appearing that the bequest of $10,000 to the Salvation Army was to be used in the erection of their new building and was to be paid over by said executor when he became satisfied that the building would be completed, and the Salvation Army would be able to finance the same, and it *appearing that said building has not been started at this date and that said bequest is not therefore due* and payable but should be held by said executor until the further order of the court."

April 13, 1932, the executor filed his final account and prayed that an order might be entered allowing such final account, and "that the residue of said estate be assigned and distributed to and among the persons entitled thereto, and for a discharge from all and further liability in the premises as such executor."

A supplemental final account was filed August 4, 1932, and the executor asked that same be allowed in connection with the account filed April 13, 1932, and "that Marie Virginie Adele Merriaux Vilmant be declared to be the sole legatee of the residue of said estate in pursuance of hearing had and proof on file, and that said estate be closed."

On the same day, August 4, 1932, the executor filed a petition in which he alleged:

"That from such investigation as your petitioner has been able to make your petitioner is not satisfied that the building will be completed or that said Salvation Army will be able to finance the same; that there is no way known to your petitioner by which the provision of the said tenth paragraph of the will can be carried out; that because of this fact and the uncertainty and indefiniteness of said tenth paragraph and the inability of the said Salvation Army to assure said petitioner that they can erect and complete said building and finance the same, your petitioner prays the court that said Salvation Army, by proper notice, be required to produce to this court proof of their ability to erect, complete and finance the said building, and upon their failure so to do and to satisfy your petitioner that the said building will be completed and properly financed, that said tenth paragraph be held for naught; that said account filed on April 13, 1932, and the supplemental account filed herewith be allowed as the final account of the petitioner and executor of said estate and your petitioner authorized and directed to turn over the resi-

due of said estate to the said sole legatee after payment of the proper charges for closing up said estate, and your petitioner to be discharged and his bond released.''

The matter was brought on for hearing before the probate court upon the application of the executor for allowance of his final account and upon the petition above mentioned, and the probate court found the provision of the will was not void because of uncertainty, ''that said deceased intended that said money should be paid when said building could be erected and paid for, and that said clause did not require that said executor be satisfied that said organization should subsequently be in position to maintain the building, but only wanted to be sure that the building would be erected and paid for at the time of completion.''

The probate court denied the prayer of the executor that he be directed to consider the bequest to the Salvation Army void and to pay the amount thereof over to the residuary legatee, and ordered that ''said executor be and he is hereby directed to make further effort to carry out the plain intent of said deceased in making provision for said organization as expressed in said will,'' though it is not clear what effort the executor could make.

An appeal was taken from this finding of the probate court to the circuit court for Jackson county where the matter came on to be heard, and the circuit judge found ''that the probate court made a proper finding and order in the matter and that the said order and determination of the probate court should be affirmed. A judgment may enter accordingly and the said appeal certified back to the probate court for further proceedings.''

An order in accordance with this finding was entered, and from this finding and order of the circuit court the matter comes here by appeal in the nature of a writ of error.

Some doubt has been expressed as to whether this is a proper proceeding in which to construe the will of deceased.

"The probate court, at the time of granting letters testamentary, or letters of administration, shall make an order allowing to the executor or administrator, a time for disposing of the estate, and paying the debts and legacies of the deceased person, *which time shall not, in the first instance, exceed one year and six months.*" 3 Comp. Laws 1929, § 15694.

In this case, the order of the probate court fixing the time for disposing of the estate and paying the debts and legacies was fixed at *one year from and after December 4, 1929.*

A subsequent section of the statute provides:

"The probate court may, on the application of the executor or administrator, from time to time, as the circumstances of the estate may require, extend the time for paying debts and legacies not exceeding one year at a time, nor so that the whole time allowed to the original executor or administrator shall exceed ten years." 3 Comp. Laws 1929, § 15695, as amended by Act No. 108, Pub. Acts 1935.

This provision of the statute provides that such order extending the time may be made only upon the application of the executor or administrator, and, by the express terms of the statute, can only be made upon notice and hearing. 3 Comp. Laws 1929, § 15696. No such application was ever made.

The probate court had the jurisdiction and power to construe the will of the testator, so far as its construction was necessarily involved, in the exercise of the general jurisdiction of the probate court over the administration of estates. 69 C. J. p. 860. And the power to construe the will of the testator is involved in the power to assign the estate of a testator on the settlement of the executor's final account. *Glover* v. *Reid,* 80 Mich. 228. The question of the construction of the will of the testator was properly before the probate court and before the circuit court.

The executor of the testator's will stands in a fiduciary relation, not only to the legatees named in the will, but under the law it is equally the duty of the executor to protect the residuary legatees of the estate.

The record shows the Salvation Army intended to build a building in the city of Jackson if it could get the money. But it had at the time of the hearing no immediate prospects of getting the building up at all. The strongest testimony is that of Warden Jackson, of the Michigan State Prison, who said he felt sure "if there was such a building that it could be financed." The record shows that during the trial $6,000 was brought from the general headquarters of the Salvation Army in Chicago and deposited in a bank in Jackson. A fair reading of the record shows this money did not belong to the local unit of the Salvation Army in Jackson but was advanced only for the purposes of the lawsuit and could be drawn out and returned to the general headquarters of the Salvation Army at any time; and before the bank in Jackson was closed, the money was withdrawn and taken back to Chicago. It was a piece of legal legerdemain for the purpose of impressing the trial court. The $6,000 was no part of the building

fund of the local unit of the Salvation Army in the city of Jackson.

The record shows the Salvation Army in the city of Jackson has a piece of land upon which they might build a building. But it has no money for such purposes, and the question here involved is whether seven years after the death of the testator, when nothing has been done toward raising any money for the purpose of building a building in the city of Jackson for the Salvation Army and no building has ever been commenced, the executor should be directed to pay over to the Salvation Army, or whether, under the terms of the tenth paragraph of the testator's will and of the fifteenth paragraph, the executor should turn the money over to the residuary legatee. If, at the present time, the executor should turn the money over to the Salvation Army, the residuary legatee could undoubtedly hold him personally responsible for being satisfied the Salvation Army building would be completed when, as a matter of fact, it had not been commenced. The executor has no legal right to be satisfied a building will be completed by the Salvation Army when it is not commenced, and when the Salvation Army unit of the city of Jackson has no money with which to commence or finance a building. Under the plain provisions of the will in question, the executor was correct in refusing to pay over the money to the Salvation Army.

The important question is whether or not this estate, which has already been strung along without any order of the probate court extending the time for a period of seven years, is to be continued for the full statutory period of ten years, or indefinitely, in order to enable the Salvation Army to determine for itself whether it is going to take any steps toward the

erection of a building in the city of Jackson. I do not think that is a proper construction of the will in question. The testator had a right to rely upon the fact that his estate, under his will, would be probated in the usual and ordinary course through the probate court, and that the beneficiaries of the legacy in question would place themselves in a position so they would be entitled to the legacy within the period usually and ordinarily fixed by the probate court for the settlement of estates.

The discretion vested by the testator, by his will, in his executor is under the circumstances not subject to review by the court. So long as the executor exercises or attempts to exercise the power and discretion vested in him by the testator, it is none of the court's business. The court may interfere only in case the executor has proceeded from selfish, corrupt or improper motives. And under such circumstances the burden is not upon the executor to prove and establish the reason for his action, but is upon the legatee to prove and establish such motives. Hill on Trustees (4th Am. Ed.), star paging, p. 495; *Clarke* v. *Parker,* 19 Ves. Jr. 11 (34 Eng. Rep. 419); *French* v. *Davidson,* 3 Maddock's Ch. 205 (56 Eng. Rep. 550); *Cromey* v. *Bull,* 4 Ky. Law Rep. 787.

The order of the probate court of July 21, 1931, was a final order. It construed the will of deceased. It established the law of the case. The building had not been started at that time and it has not yet been started. The bequest is not, therefore, due and payable. It was the duty of defendant to act within a reasonable time.

When the right to a legacy is dependent upon the performance of onerous conditions imposed by the testator on the legatee, there is no presumption of the acceptance of the legacy and no acceptance in

fact until such conditions have been performed. The legacy to the Salvation Army could under the circumstances vest only on acceptance by the legatee. 69 C. J. p. 967; *Defreese* v. *Lake*, 109 Mich. 415 (32 L. R. A. 744, 63 Am. St. Rep. 584). The legatee has given no notice of election to accept the legacy. Such action must have been taken within a reasonable time. 69 C. J. p. 972. A reasonable time will be held to have elapsed upon the running of the statute of limitations. *Freeman* v. *Ingerson*, 143 Mich. 7. At the time testator's will was executed and at the time of his death, August 13, 1929, and at the date of the filing of the petition made the basis of the order here under consideration, the statute of limitations was six years. 3 Comp. Laws 1929, § 15695. This has since been extended to ten years. Act No. 108, Pub. Acts 1935. Statutes of limitation ordinarily operate prospectively only. *Hathaway* v. *Washington Milling Co.*, 139 Mich. 708; *McKisson* v. *Davenport*, 83 Mich. 211 (10 L. R. A. 507); *Harrison* v. *Metz*, 17 Mich. 377. The later statute, held constitutional in *Re Slush's Estate*, 279 Mich. 19, is applicable, relating as it does to a procedural matter in a pending case in which no rights have accrued under the prior statute. It fixes the limit of time in which definite action on the part of the Salvation Army of Jackson must be taken if its rights are not to be forfeited.

The judgment of the trial court will be affirmed, and the case remanded with directions that it be closed in the probate court in accordance herewith.

Fead, C. J., and North and Sharpe, JJ., concurred with Potter, J.

Butzel, J. (*concurring*). The trial court properly upheld the probate court in its holding that the

Salvation Army of Jackson, appellee herein, was entitled to the $10,000 to be used in the erection of a new building. Under the bequest, appellee was given an immediate vested interest in the sum of $10,000 to be used in the erection of such new building, the payment of which only could be withheld until the executor was satisfied that the building would be completed and paid for. There was no provision for the lapsing of the bequest nor could the executor arbitrarily or capriciously withhold satisfaction. Under the terms of the will, the appellee could erect a building costing only $10,000. The delay was not wholly caused by appellee; it raised $11,000 which it used to purchase and fully pay for a suitable lot. The depression came on and it was unable to raise further moneys for the time being. In its endeavor to meet the terms of the bequest, it secured $6,000 from the Salvation Army headquarters in Chicago, but this amount was returned. The executor had expended large amounts realized from the sale of marketable securities belonging to the estate in paying a number of other bequests. Only a parcel of real estate and an old mortgage of $11,000 were left. He offered to turn over to appellee this old mortgage which was on property of uncertain value, and against which past due tax liens amounting to over $2,000 had accrued. The appellee refused to accept this old mortgage.

We are not even called upon to invoke the doctrine of *cy pres* inasmuch as the legacy is plain and understandable and gave appellee an immediate vested interest. We suggest that if the appellee were to give the executor a bond with a responsible company insuring the erection of a building that could be used by appellee to carry on its work, and

which would be free from all liens and cost at least $10,000, the executor should be satisfied. This is left for the probate court to work out.

The judgment of the circuit court, upholding the order of the probate court and remitting the case to the latter court for further proceedings, is affirmed with costs to defendant.

Wiest and Bushnell, JJ., concurred with Butzel, J. Toy, J., took no part in this decision.