UNITED INSURANCE CO. v. ATTORNEY GENERAL.

1. STATUTES—APPROVAL BY GOVERNOR—IMMEDIATE EFFECT.
    Every bill passed by the legislature must be presented to the governor before it becomes a law and when presented to him he must consider whether it is to take immediate effect or not (Const. 1908, art. 5, §§ 21, 36).

2. SAME—CONSTRUCTION OF STATUTES.
    It is a cardinal rule of statutory construction that full effect shall be given to every part of the act under consideration as every clause and every word is presumed to have some force and meaning.

3. SAME—APPROVAL BY GOVERNOR—TIME EFFECTIVE.
    When the governor is presented with a bill that has not been ordered to take immediate effect he can know exactly when it will take effect only if the legislature has adjourned but

should be certain that it cannot take effect in less than 90 days (Const. 1908, art. 5, §§ 21, 36).

4. SAME—LEGISLATURE—IMMEDIATE EFFECT ACTS.

It is the duty of the legislature to determine whether a measure is sufficiently necessary for the preservation of the public peace, health or safety to be entitled to the privilege of immediate effect and its determination will not be upset by the Supreme Court except upon showing of a clear abuse of power (Const. 1908, art. 5, § 21).

5. CONSTITUTIONAL LAW—VETO POWER—IMMEDIATE EFFECT LEGISLATION.

By virtue of the veto power, the governor is part of the lawmaking power, hence it is his legislative duty, as well as that of both houses of the legislature, to consider whether a measure falls within the categories of legislation to which the privilege of immediate effect may be given (Const. 1908, art. 5, §§ 21, 36).

6. STATUTES—IMMEDIATE EFFECT—GOVERNOR'S APPROVAL.

Procedure whereby five months after bills had been passed by the legislature, approved by the governor and deposited with the secretary of State the legislature, still in session, by concurrent resolution ordered that such public acts be then given immediate effect was unconstitutional since it deprived the governor of the opportunity of exercising his legislative function of determining whether or not such legislation fell within the categories entitled to take immediate effect (Const. 1908, art. 5, §§ 21, 36).

7. COSTS—MANDAMUS—PUBLIC QUESTION—CONCURRENT RESOLUTIONS—IMMEDIATE. EFFECT.

No costs are allowed in mandamus proceeding in which determination was made that concurrent resolutions of the legislature, attempting to give immediate effect to legislation previously enacted but not yet in effect, were unconstitutional, a public question being involved (Const. 1908, art. 5, §§ 21, 36).

Mandamus by United Insurance Company, an Illinois corporation, to compel Herbert J. Rushton, Attorney General, and Eugene P. Berry, Commissioner of Insurance of the State of Michigan, to admit plaintiff to do business within the State.

Submitted November 27, 1941. (Calendar No. 41,810.) Writ denied January 5, 1942.

*J. T. Hammond* (*D. Hale Brake* and *Russell A. Searl*, of counsel), for plaintiff.

*R. Glenn Dunn*, Deputy Attorney General, *Edmund E. Shepherd*, Solicitor General, and *James F. Shepherd*, Chief Assistant Attorney General, for defendants.

BUTZEL, J. Plaintiff brings mandamus to compel the insurance commissioner to admit plaintiff to do business as an insurance company in Michigan under the provisions of Acts Nos. 71 and 75, Pub. Acts 1941 (Comp. Laws Supp. 1942, §§ 12312, 12390, Stat. Ann. 1941 Cum. Supp. § 24.91 and § 24.213). Both of these acts were duly enacted by the legislature and, after being enrolled, were approved and signed by the governor on May 12, 1941, and filed in the office of the secretary of State. They contained no provision giving them immediate effect. It had been the custom for many years past for the legislature to complete its regular biennial sessions and adjourn prior to the beginning of the summer, or shortly thereafter, in the year it convened. The 1941 legislature did not adjourn in the early part of July, 1941, but instead took a recess until October 9, 1941, so that the two acts in question had not become effective up to that day and would not become effective until 90 days after the final adjournment of the legislature. The acts contained no immediate effect clause. On the 10th day of October, 1941, when the legislature reconvened, it adopted by a two-thirds vote of both the senate and house concurrent resolutions under the terms of which both Acts Nos. 71 and 75, as well as scores of other acts, were given immediate effect. The following day the legislature adjourned. The sole question presented in the instant case is whether

prior to the adjournment *sine die* of the regular session of the legislature, some five months after Acts Nos. 71 and 75 had been enrolled, presented and approved by the governor and deposited with the secretary of State, they can be given immediate effect by concurrent resolutions of the senate and house and without any further action.   Shortly after the acts were given immediate effect (now questioned), the plaintiff made application in accordance with the act to the insurance commissioner who, on the advice of the attorney general, held that the acts would not become effective until 90 days after October 11, 1941, when the legislature adjourned *sine die.*

Under article 5, § 36, of the Constitution of 1908, every bill passed by the legislature must be presented to the governor before it becomes a law.   If he approves, he shall sign it; if not, he shall return it with his objections.   When the bill is presented to the governor for approval or veto, he must consider whether it is to take immediate effect or not. This may become very important as some acts by their very terms are limited to short periods of time, while others may present the question whether 90 days from the time of the adjournment of the legislature should not intervene in order to enable the public to become familiar with and conform to the provisions of the acts.

The question is one of first impression in this State.   However, in *Attorney General, ex rel. Zacharias,* v. *Detroit Board of Education,* 154 Mich. 584, the question arose whether the order giving an act immediate effect is part of the act.   The question came up on an entirely different issue, but the majority opinion of the court stated:

" 'It is a cardinal rule of statutory construction that full effect shall be given to every part of the

act under consideration. Every clause and every word is presumed to have some force and meaning. No portion should be rendered nugatory. If the complainant's construction were tenable, it would render the immediate effect clause useless. The only possible object the legislature could have had in the giving of immediate effect is to empower the board to increase the salary which theretofore had been under limitation. To no other part of the act as amended is this clause apposite.'"

In *State, ex rel. Hunzicker,* v. *Pulliam,* 168 Okla. 632 (37 Pac. [2d] 417, 96 A. L. R. 1294), a somewhat similar question arose in regard to the effective date of an ordinance. It was held that after a municipal ordinance had been duly passed by the common council, approved by the mayor, and filed by the city clerk, it had passed beyond the control of the council, and that body did not have the power to reconsider and amend it by adding an emergency clause (giving immediate effect) thereto, without reenacting it, as amended, as a new ordinance. Also, see *Katerndahl* v. *Daugherty,* 30 Idaho, 356 (164 Pac. 1017); *Smith* v. *Mitchell,* 69 W. Va. 481 (72 S. E. 755, Ann. Cas. 1913 B, 588.) When a bill is presented to the governor, if it is not ordered to take immediate effect, he can know exactly when it will take effect only if the legislature has already adjourned; but he is, and should be, certain that it cannot take effect in less than 90 days.

It is the duty of the legislature to determine whether a measure is sufficiently "necessary for the preservation of the public peace, health or safety" (Const. 1908, art. 5, § 21) to be entitled to the privilege of immediate effect. We will not upset such determination except upon showing of a clear abuse of power (*Naudzius* v. *Lahr,* 253 Mich. 216 [74 A. L. R. 1189, 30 N. C. C. A. 179]; *In re Slush's*

*Estate,* 279 Mich. 19; *Todd* v. *Hull,* 288 Mich. 521).
By virtue of his veto power, the governor is part
of the law-making power (*Anderson* v. *Atwood,* 273
Mich. 316); hence it is his legislative duty, as well
as that of both houses of the legislature, to consider
whether a measure falls within the categories to
which the privilege of immediate effect may be
given. The procedure adopted in the instant case
deprived him of the opportunity of exercising such
legislative function. For that reason it is unconsti-
tutional.

On the day the governor signed the acts in ques-
tion (May 12, 1941), the Senate was considering a
proposed concurrent resolution sent to it after
passage by the House of Representatives, which
scheduled final adjournment for June 26, 1941.
This was the only indication the governor had as
to when adjournment, and consequently the effec-
tive date of the legislation under consideration,
would occur. Had adjournment occurred on June
26th, the effective date would have been September
25, 1941. Subsequent postponements of final ad-
journment altered all such expectations. Final ad-
journment did not occur until October 11, 1941. The
effect of the concurrent resolutions of October 10,
1941, which attempted to give effect as of that date
to the acts in question, was, in a sense, to restore
the expectations as to their effective date which had
been entertained at the time they had been ap-
proved. At least, it may be argued, the concurrent
resolution of October 10, 1941, does not put the acts
in question in effect any *sooner* than the governor,
when signing them, had expected they would take
effect. This consideration, however, cannot affect
our decision, as, under the rule contended for by
petitioners, the legislature could give immediate
effect to an act right after the governor signed it

without having anticipated such subsequent action by the legislature.

Both the concurrent resolutions of October 10, 1941, and the amendment to Rule No. 12 of the joint rules of the senate and house of representatives under which such resolutions were adopted, are unconstitutional for the reasons indicated.

Other points were raised but in view of our decision are not discussed. The writ shall not issue. The question being a public one, no costs will be allowed.

CHANDLER, C. J., and BOYLES, NORTH, STARR, WIEST, BUSHNELL, and SHARPE, JJ., concurred.