HEINZE *v.* ST. JOSEPH TOWNSHIP SCHOOL
DISTRICT NO. 1.

1. STATUTES—IMMEDIATE EFFECT—CONSTITUTIONAL LAW.

Action of legislature in giving immediate effect to statute amend-
ing the general school code so as to require an approval in an
annexation election in the school district or districts to be
affected in annexation to city school districts *held,* not con-
trary to provision of Constitution permitting the legislature
to give immediate effect to acts immediately necessary for the
preservation of the public peace, health or safety (Const 1908,
art 5, § 21; CL 1948, § 353.17, as amended by PA 1952, No
229).

2. SCHOOLS AND SCHOOL DISTRICTS—ANNEXATION—PROPERTY RIGHTS
—DUE PROCESS.

Neither a city school district nor individual resident taxpayers
thereof have property rights in territory to be annexed thereto
until annexation has been completed pursuant to pertinent
statutory requirements, hence, enactment of amendatory act
adding on another requirement to the process of annexation and
giving it immediate effect before annexation had been com-
pleted did not constitute a deprivation of property without due
process (US Const, am 14; Mich Const 1908, art 2, § 16; CL
1948, § 353.17, as amended by PA 1952, No 229).

3. SAME—STATUTES—ANNEXATION—DUE PROCESS.

Amendatory act which added a requirement to the process of
annexation of territory to a city school district and made
effective before annexation to plaintiff school district had been
completed *held,* not invalid, as indefinite and uncertain, because
it failed to state who was to be allowed to vote and to define the
time and manner of holding the required election, where
it is not specifically shown that a property right of a plaintiff
is involved or that there was a lack of due process in the
compliance with such additional requirement that the annexa-

REFERENCES FOR POINTS IN HEADNOTES

[1-3]  47 Am Jur, Schools §§ 9, 18.
[1-3]  As to discretion of administrative officers as to changing bound-
aries of school district, see 65 ALR 1523; 135 ALR 1096.

tion be approved at an election called in the territory affected within 30 days after city's election (US Const, am 14; Mich Const 1908, art 2, § 16; CL 1948, § 353.17, as amended by PA 1952, No 229).

BUSHNELL, J., dissenting.

Appeal from Berrien; McDonald (Archie D.), J., presiding. Submitted April 14, 1953. (Docket No. 25, Calendar No. 45,787.)  Decided June 8, 1953.

Bill by F. George Heinze and others against St. Joseph Township School District No. 1 to restrain exercise of authority over certain area. Bill dismissed. Plaintiffs appeal. Affirmed.

*Arthur G. Preston, Jr.,* for all plaintiffs.

*John T. Ryan,* for plaintiffs Heinze and Colby.

*John L. Crow,* for defendant.

BOYLES, J.·  The St. Joseph city school district and 2 resident taxpayers filed this bill of complaint to enjoin the defendant St. Joseph township school district from exercising any authority over a certain area in the township which plaintiffs claim had been legally annexed to the city school district. The circuit judge denied the relief sought, dismissed the bill of complaint, and the plaintiffs appeal.

On April 28, 1952, at an election held in the township and city areas affected by the proposed annexation, a majority of the electors voted for the annexation. On May 2, 1952, the legislature enacted and gave immediate effect to an amendment* to PA 1927, No 319, pt 2, ch 3, § 17 (general school code), adding an additional condition to annexation by re-

---

* PA 1952, No 229, amending CL 1948, § 353.17 (Stat Ann 1951 Cum Supp § 15.423).

quiring a separate affirmative vote in the territory to be annexed, approving such annexation. This amendment is the cause of the present litigation.

On May 7, 1952, copies of the proceedings were filed in the offices of the county clerk and the secretary of State, and on May 12th the annexation of the additional territory was completed by resolution of the board of education, in conformity with the statute. Probably this was done, on May 7th and May 12th, without knowledge of the amendment given immediate effect on May 2d requiring the additional affirmative vote of approval. In any event, if the amendment effective May 2d is upheld in the present litigation, the acts taken May 7th and May 12th did not legally complete the annexation. It imposed an added requirement to the process of completing the annexation, as follows:

"And provided, That there is an affirmative vote in an annexation election in the school district or districts in the territory to be annexed approving such consolidation. The board or boards of education having authority in such school district or districts shall call such annexation elections within 30 days after the territory in question has been annexed."

The board of education of the township school district, in compliance with said requirement, within 30 days called said election, it was held, and the electors voted about 2 to 1 against the consolidation. Thereupon the board of education of said township school district continued to exercise authority over its school district, which action the present suit by the city school district seeks to enjoin.

Two questions, only, are here urged by the plaintiff appellants. The first is that the immediate effect given by the legislature to said PA 1952, No 229 (May 2d), is contrary to the Michigan Constitu-

tion (1908), art 5, § 21, and therefore a nullity. The pertinent part of said section provides:

"No act shall take effect or be in force until the expiration of 90 days from the end of the session at which the same is passed, except that the legislature may give immediate effect to acts making appropriations and acts immediately necessary for the preservation of the public peace, health or safety by a two-thirds vote of the members elected to each house."

Counsel for appellants argue that said PA 1952, No 229, was not immediately necessary for the preservation of the public peace, health or safety. They quote from and rely entirely on dissenting opinions in some of the decisions of this Court. See *Newberry* v. *Starr,* 247 Mich 404, beginning on page 412, and *Todd* v. *Hull,* 288 Mich 521, beginning on page 542. They do not cite any decision upholding their contention that the immediate effect provision in the amendment of said section 17, by PA 1952, No 229, is invalid on the ground that it contravenes art 5, § 21, Michigan Constitution (1908). We find nothing in the present case to make an exception to the rules announced in many decisions of the Court upholding the immediate effect provision as valid.* Seemingly in point, in *Newberry* v. *Starr, supra,* the Court held that giving immediate effect to an act providing that school districts under certain circumstances would constitute a single school district does not violate said article 5, § 21, and said:

---

* See *Attorney General, ex rel. Barbour,* v. *Lindsay,* 178 Mich 524, 527; *People* v. *Urcavitch,* 210 Mich 431, 435; *People* v. *Stambosva,* 210 Mich 436, 441; *People* v. *Bodjack,* 210 Mich 443, 454; *Newberry* v. *Starr,* 247 Mich 404, 407; *Industrial Bank of Wyandotte* v. *Reichert,* 251 Mich 396, 399; *Naudzius* v. *Lahr,* 253 Mich 216, 227 (74 ALR 1189, 30 NCCA 179); *Detroit Trust Co.* v. *Stormfeltz-Loveley Co.,* 257 Mich 655, 661 (88 ALR 1263); *In re Slush's Estate,* 279 Mich 19, 22; *Todd* v. *Hull,* 288 Mich 521, 526; *United Insurance Co.* v. *Attorney General,* 300 Mich 200, 204.

"The legislature may have considered, in the interest of public health at least, it was immediately necessary, to secure coordination and cooperation of the agencies of certain cities and school districts described in the act, that each should embrace the same territory. The act relates to important State agencies having to do with preservation of public health, peace, and safety."

Appellants' second claim is that the 1952 amendment violates the due process clauses of the United States and State Constitutions.* In their brief they argue that the amendment deprives the plaintiffs of property without due process of law.

The stumbling block in appellants' progress toward that end lies in the fact that the amendment does not deprive the plaintiffs of any property rights. The plaintiff city school district has no property rights in the territory of the township school district unless it has been annexed to the city school district in conformity with the statutory requirements. That would seem to be elementary. Nor do the individual plaintiffs have any property rights in the property of the school district. *Attorney General, ex rel. Kies,* v. *Lowrey,* 131 Mich 639, s.c. 199 US 233 (26 S Ct 27, 50 L ed 167); *Presque Isle Prosecuting Attorney* v. *Township of Rogers,* 313 Mich 1.

Counsel for appellants now raise the question that the 1952 amendment is indefinite and uncertain in that it does not state who is to be allowed to vote in the required election, that it does not define the time and manner in which the election is to be held, what notice shall be given, et cetera. No specific instance is shown where a property right was involved, or that there was a lack of due process involved in the submission of the question of ap-

---

* US Const, am 14, § 1; Mich Const (1908), art 2, § 16.

proving the annexation under the 1952 amendment, or any other provisions of the school code.

Affirmed. Costs to appellee.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, SHARPE, and REID, JJ., concurred with BOYLES, J.

BUSHNELL, J. (*dissenting*). Reversal should be granted for the reasons stated in *Newberry* v. *Starr*, 247 Mich 404, beginning at page 412, and *Todd* v. *Hull*, 288 Mich 521, beginning at page 542.

The instant case is an example of the difficulties which can result from the misapplication of the "immediate effect" concept of legislation.