## The People v. Fred Martin.

*Criminal law—Larceny—Horse-stealing—Information—Sentence.*

Under an information for the larceny of a horse, in which no reference is made to How. Stat. § 9180, which imposes a special penalty for such an offense regardless of the value of the animal, evidence of its value is material, and it is the duty of the jury, on finding a verdict of guilty, to ascertain and report such value, in order that the court may determine the maximum punishment in passing sentence.

Error to Genesee. (Newton, J.)   Argued May 6, 1892. Decided May 13, 1892.

Respondent was convicted of the larceny of a horse, and sentenced to imprisonment in the State House of Correction and Reformatory at Ionia for two years. Reversed, and new trial ordered.   The facts are stated in the opinion.

*Mark W. Stevens,* for respondent.

*A. A. Ellis,* Attorney General, and *John M. Russell,* Prosecuting Attorney, for the people.

Long, J.   The respondent was convicted of the larceny of a horse in the Genesee circuit court on a trial before a jury, and sentenced to imprisonment in the State House of Correction and Reformatory at Ionia for the period of two years.

The information upon which the respondent was convicted is in one count, and recites that—

"Fred Martin, late of the township of Davison, in the county aforesaid, on, to wit, on the 22d day of September, A. D. 1891, at the township of Richfield, in the county of Genesee · aforesaid, one cream-colored mare, about six years old, of the value of, to wit, of the value

of $50, of the goods, chattels, and personal property of one Lewis Carr, there being found, from the possession of him, the said Lewis Carr, then and there, in the day-time of said day, feloniously did steal, take, and carry away, against the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan."

On the trial considerable testimony was given as to the value of the mare. The people's witnesses placed the value from $30 to $60, and the defendant's witnesses at from $18 to $20. At the close of the testimony, counsel for respondent requested the court to instruct the jury as follows:

"3. The value of the pony is material in this case. It will be your duty to find the value of the pony, and, if you find the value not to exceed the sum of $25, it will be your duty to report said value with your verdict, providing you find the respondent guilty of stealing the pony."

This request was refused, and the court charged the jury as follows:

"Considerable has been said and argued here in regard to the value of the horse. * * * If counsel in this case had read section 9180 of Howell's Statutes, it would have appeared that the Legislature did not class horses among the general class of property subject to larceny. It reads as follows:

"'That every person who shall steal any horse, mare, gelding, foal or filly, ass or mule, of any value, or who shall receive, buy, conceal, or aid in the concealment of any stolen horse, mare, gelding, foal or filly, ass or mule, knowing the same to have been stolen, shall, upon conviction thereof, be punished,' etc.

"All the law requires is that the property shall have some value. So whether the horse is worth $50, $30, $25, or $18 is of no consequence, if the horse or mare is of some value, and it was feloniously stolen."

The learned circuit judge was in error in holding and ruling that the value of the mare stolen was of no consequence in the present trial. The information contained but one count, as hereinbefore set out, and was evidently

framed under the general statute for larceny.[1] Under that statute, where the value of the property stolen is of less value than $25, upon a conviction the punishment cannot exceed, by way of imprisonment, one year; and under that statute it would be the duty of the jury to ascertain the value of the property stolen, and report the same to the court, so that the court might, in passing sentence, determine the maximum punishment.

The circuit judge was in error in supposing that under the information, as framed, the case could be brought upon trial within the provisions of How. Stat. § 9180. In *People v. Town*, 53 Mich. 488, this Court expressly held that—

"A conviction for horse-stealing will not warrant the special statutory penalty for that offense, if the information does not refer to the statute imposing it."

This was but following the rule laid down in *People v. Jones*, 49 Mich. 591, in which it was said:

"The description of the property stolen, as contained in the information, does not challenge special attention to this act of 1877, nor is there any express reference to this act to show the source of right relied on."

We think the case falls directly within the ruling of this Court in the above cases, as the information does not purport to be filed under the provisions of section 9180, and no reference is made in the information to that statute. If the case had been submitted to the jury as to the value of the property stolen, they might have found it to be less than $25; in which event the trial court could not have inflicted punishment, by way of imprisonment, to exceed one year.

The conviction and sentence must be reversed, and a new trial ordered.

MORSE, C. J., GRANT and MONTGOMERY, JJ., concurred. McGRATH, J., did not sit.

---

[1] See How. Stat. § 9140.