PEOPLE *v.* EUGENE COLLINS

1. Criminal Law—Jurisdiction—Preserving Question.

　Prosecution's failure to prove that the crime was committed in the area over which the court hearing the case has jurisdiction is not grounds for reversal unless defendant raises the question in the trial court before the case is submitted to the jury (CL 1948, § 767.45).

2. Criminal Law—Due Process—Assistance of Counsel—Lineup —Prospective Application.

　Right of criminal suspect to be represented by counsel at lineup held to be a constitutional right by the Supreme Court of the United States on June 12, 1967, is to be applied only to lineups occurring after that date.

3. Criminal Law—Lineups—Preserving Question.

　Defendant may not raise for the first time on appeal the question whether his in-court identification was tainted by an improper lineup where no motion to suppress or timely objection was made at trial.

4. Criminal Law—Lineups—In-Court Identification—Independent Origin.

　Picking out defendant's photograph from among an extremely large number of "mug shots" on two different occasions by the complaining witness, was a forceful indication that the witness's in-court identification had origins independent of a possibly tainted lineup identification.

Appeal from Recorder's Court of Detroit, Robert L. Evans, J.　Submitted Division 1 October 16,

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law § 379.
[2–4] 21 Am Jur 2d, Criminal Law § 368.

1970, at Marquette. (Docket No. 8522.) Decided December 7, 1970.

Eugene Collins was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*M. John Shamo,* for defendant on appeal.

Before: FITZGERALD, P. J., and McGREGOR and O'HARA,* JJ.

PER CURIAM. Defendant was found guilty by a jury of robbery armed[1] and was sentenced to a term of 10 to 15 years in prison. Defendant appeals, asserting that: (1) the prosecution failed to prove that the crime was committed within the jurisdiction of Detroit Recorder's Court and (2) the in-court identification of defendant was irreparably tainted by a lineup where defendant was not represented by counsel and the complainant was asked to pick out defendant's picture from a group of mug shots immediately before viewing the lineup.

The question of whether the crime was committed within the jurisdiction of Detroit Recorder's Court was not raised at trial. Failure to prove that the crime was committed within the jurisdiction of the court hearing the case is not grounds for reversal or new trial unless the question is raised in the trial

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA § 750.529 (Stat Ann 1954 Rev § 28.797).

court before the case is submitted to the jury. CL 1948, § 767.45 (Stat Ann 1954 Rev § 28.985); *People* v. *Williams* (1965), 1 Mich App 441; *People* v. *Maxwell* (1966), 3 Mich App 264.

The question of jurisdiction and venue was not raised in the trial court, so the failure by the prosecution to offer proof as to jurisdiction is not error requiring reversal.

Since the lineup was held in December of 1966, there is no error arising from the lack of counsel at the lineup, the constitutional right to counsel at a lineup having been held to be prospective from June 12, 1967. *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149); *Stovall* v. *Denno* (1967), 388 US 293 (87 S Ct 1967, 18 L Ed 2d 1199); *People* v. *Crosby* (1969), 19 Mich App 135.

The question as to whether the in-court identification was irreparably tainted by the lineup is not properly before this Court as there was no motion to suppress or timely objection to the in-court identification. *People* v. *Lunsford* (1969), 20 Mich App 325.

Even if the question had been properly preserved, the fact that on two different occasions the complainant was able to pick out defendant's photograph from among an extremely large number of "mug shots" forcefully indicates that the in-court identification had origins independent of the lineup confrontation. *People* v. *Childers* (1969), 20 Mich App 639.

Affirmed.