PEOPLE *v.* CAREY

1. CRIMINAL LAW—CARRYING CONCEALED WEAPON—STATUTORY EXCEPTIONS—BURDEN OF PROOF.

The prosecution need not disprove statutory exceptions to the crime of carrying a concealed weapon without a license unless those exceptions have been advanced by the defendant (MCLA § 776.20).

2. CRIMINAL LAW—VENUE—FAILURE TO PROVE—TIMELY OBJECTION.

The prosecution's failure to prove venue affirmatively in a criminal case does not constitute reversible error in the absence of a timely objection by the defendant (MCLA § 767.45).

3. INDICTMENT AND INFORMATION—MISJOINDER OF COUNTS—APPEAL AND ERROR—PRESERVING QUESTION.

A defendant's contention of misjoinder of counts is not preserved for review where he has not made a timely objection to joinder at trial (MCLA § 767.76).

Appeal from Wayne, Edward S. Piggins, J. Submitted Division 1 October 5, 1971, at Detroit. (Docket No. 8555.) Decided October 27, 1971. Leave to appeal denied, 386 Mich 785.

James G. Carey was convicted of possession of a stolen motor vehicle and carrying a concealed weapon with a license. Defendant appeals. Conviction of possession of a stolen motor vehicle reversed; conviction of carrying a concealed weapon without a license affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 56 Am Jur, Weapons and Firearms §§ 15–18.
[2] 21 Am Jur 2d, Criminal Law §§ 398, 399, 401.
[3] 5 Am Jur 2d, Appeal and Error § 545.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Gus Cifelli,* for defendant on appeal.

Before: LESINSKI, C. J., and V. J. BRENNAN and O'HARA,* JJ.

PER CURIAM. Defendant, charged in Count I with possesion of a stolen motor vehicle (MCLA § 257.254 [Stat Ann 1968 Rev § 9.1954]) and in Count II with carrying a concealed weapon (MCLA § 750.227 [Stat Ann 1962 Rev § 28.424]), was convicted upon a jury verdict and appeals as of right.

We must reverse defendant's conviction for possession of a stolen motor vehicle on the authority of *People* v. *Morton* (1970), 384 Mich 38.

Regarding defendant's conviction for carrying a concealed weapon we find no error. The prosecution need not disprove statutory exceptions unless advanced by defendant. MCLA § 776.20 (Stat Ann 1971 Cum Supp § 28.1274[1]); *People* v. *Jiminez* (1970), 27 Mich App 633; *People* v. *Gilleylen* (1971), 31 Mich App 416.

No error lies in the prosecution's failure to affirmatively prove venue in view of defendant's failure to object. MCLA § 767.45 (Stat Ann 1954 Rev § 28-.985); *People* v. *Eugene Collins* (1970), 28 Mich App 526.

Further, the evidence is sufficient to support the conviction.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Defendant's contention of misjoinder of counts was never presented to the trial court and is thus not preserved for appeal. MCLA § 767.76 (Stat Ann 1954 Rev § 28.1016).

Reversed as to Count I and affirmed as to Count II.