PEOPLE v SIMS

OPINION OF THE COURT

1. LARCENY—TRICK—VALUE OF PROPERTY STOLEN—VERDICT.

A verdict of "guilty as charged" on a charge of larceny by trick over $100 is sufficiently clear without any specification of the value of the property where there was no dispute as to the value of the property taken (MCLA 750.356).

2. LARCENY—TRICK—INSTRUCTIONS TO JURY—VALUE OF PROPERTY STOLEN.

Failure to instruct the jury in a trial on a charge of larceny by trick over $100 that it must determine whether the larceny was over or under $100 was not error where defendant made no request for such an instruction and the court did instruct the jury that it must find that the property stolen was over the value of $100 and that the possible verdicts were guilty or not guilty (MCLA 750.356).

3. CRIMINAL LAW—COMPETENCY—APPEAL AND ERROR.

The issue of competency to stand trial should not be raised *sua sponte* by an appellate court where the issue was not squarely raised at trial, nothing concerning the defendant's actions is found in the record warranting the trial court to order a competency hearing, no such hearing was requested, and the record does not indicate that there was a miscarriage of justice.

DISSENT BY T. M. BURNS, J.

4. CRIMINAL LAW—COMPETENCY—APPEAL AND ERROR.

*A defendant's competency to stand trial is so essential to due process that the issue is properly raised* sua sponte *by the Court of Appeals where the issue was not raised on appeal but is apparent on the face of the record.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 50 Am Jur 2d, Larceny §§ 27–29.
[2] 50 Am Jur 2d, Larceny §§ 174, 175.
[3–5] 21 Am Jur 2d, Criminal Law §§ 68, 69.

5. Criminal Law—Competency—Diagnostic Commitment—Hearing.

> Failure to hold a hearing to determine whether the defendant should be committed to a diagnostic facility for a determination of his competency to stand trial is reversible error where defendant puts the trial court on notice that he may be incompetent to stand trial even though defendant does not specifically request diagnostic commitment and even though defendant's request was not in writing pursuant to the court rules (GCR 1963, 786).

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 January 11, 1973, at Detroit. (Docket No. 13893.) Decided March 28, 1973.

Edward Sims was convicted of larceny of over $100 by trick. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Michael R. Mueller,* Assistant Prosecuting Attorney, for the people.

*Burton L. Borden,* for defendant on appeal.

Before: Lesinski, C. J., and T. M. Burns and O'Hara,* JJ.

Lesinski, C. J. Defendant was convicted by a jury on October 21, 1971 of larceny by trick over $100, contrary to MCLA 750.356; MSA 28.588. He was sentenced to from three to five years in prison. He appeals as of right.

On appeal defendant raises two allegations of error. First he argues that the verdict of "guilty as

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

charged" by a jury, to a charge of larceny by trick over $100, is reversible error for failure to determine whether the larceny was under or over $100. He cites *People v Martin,* 91 Mich 650 (1892), in which there was conflicting evidence as to the value of the property stolen. Here complainant testified that he gave defendant $312 in cash. There was no dispute as to the value of the property taken. In such a case the jury verdict is sufficiently clear without any specification of the value of the property.

Defendant's second allegation of error is that the judge failed to instruct the jury that it must determine whether the larceny was over or under $100. Defendant made no request for instructions. The trial court did instruct the jury on this issue as follows:

"I should like to add this, you must find that the property stolen was over the value of $100. The possible verdicts in this matter is *[sic]* we find the defendants guilty or we find the defendants not guilty."

This was sufficient instruction on this point.

While this writer normally does not respond to a dissenting opinion, he is obliged to do so in this instance as the ground for the dissent is raised *sua sponte.* The issue raised by the dissent regards the need for the court under the circumstances of this case to make a determination as to the competency of defendant to stand trial.

The colloquy upon which Judge BURNS relies does not squarely raise the issue of competency to stand trial. Aside from the indicated remarks of the defendant, nothing concerning his actions is found in the record that should have caused the trial court to order a competency hearing; none was requested; none was ordered.

This writer would not raise the issue *sua sponte* as the record does not indicate that there was a miscarriage of justice in this case.

Affirmed.

O'HARA, J., concurred.

T. M. BURNS, J. *(dissenting)*. Although not raised on appeal but apparent on the face of the record is the question of whether the defendant was competent to stand trial. A defendant's competency to stand trial is so essential to due process that I am compelled to raise the issue *sua sponte.*

Prior to trial, the following colloquy took place between the defendant and the trial judge:

> *"Mr. Sims [the defendant]:* Your Honor, last week, I think it was, I went before the psychiatrist and I don't know the results but due to this fact, because I'm not in the right frame of mind, I would like to get some information on my behavior before I carry on with this trial.
>
> *"The Court:* Well, the court is going to deny any postponement. I think, we're going to go ahead at this time. I hope such treatment as you're getting will be to your benefit, but this trial has been set up for some time and I see no further reason to delay. I'm interested in your comment."

The foregoing was not a routine request for a continuance, but rather defendant was putting the trial court on notice of his possible incompetency to stand trial.

Admittedly, defendant did not specifically request diagnostic commitment to the Center for Forensic Psychiatry, MCLA 767.27a(3); MSA 28.966(11)(3); GCR 1963, 786. The defendant did, however, raise the issue of his competency; and even though defendant's request was not in writ-

ing pursuant to GCR 1963, 786, he was nonetheless entitled at that point to a hearing to determine whether he should have been committed to a diagnostic facility for a determination of his competency to stand trial. *People v Gomolak,* 386 Mich 540 (1972).

Inasmuch as the trial court failed to conduct such a hearing, I vote to reverse and remand for a new trial so that the issue can be properly adjudicated.