## PEOPLE v MILLER

Docket No. 62330. Decided May 1, 1979. On application for leave to appeal the Supreme Court denied leave to appeal, but issued an opinion to announce a matter of policy.

Thomas W. Miller was convicted by a jury in Bay Circuit Court, Leon R. Dardas, J., of receiving and concealing stolen property with a value in excess of $100. The defendant's theory of the case was that he had purchased a 1967 Cadillac engine for $15, without knowledge that it was stolen, but he also argued that the engine was worthless and hence the element of value had not been established. The trial court ruled that an instruction on receiving stolen property with a value of $100 or less could not be given to the jury because the offense charged is punishable by more than two years imprisonment and the lesser offense is one for which the maximum allowable punishment is one year or less. Therefore, the trial court instructed the jury that the verdict was limited to guilty as charged or not guilty. The Court of Appeals, Danhof, C.J., and V. J. Brennan and R. H. Campbell, JJ., affirmed in an unpublished per curiam opinion (Docket No. 29749). Defendant applies for leave to appeal. *Held:*

1. The essence of the offense, receiving and concealing stolen property, is the guilty knowledge of the person, but, as the statute is written, the gravity of the offense is measured by the value of the property. A dollar demarcation is used to distinguish the seriousness of harm to the state, but value is a factor which is not necessarily controlled by the conduct of a defendant in carrying out the criminal transaction. Rather, the element which distinguishes a felon from a misdemeanant derives from a legislated cutoff. Further, the term "value" in cases of this nature means market value at the time and place of the crime. The combination of the legislative measurement of the seriousness of harm to the state by value with the jurisprudential definition of value as market value compels the conclusion that offenses, the gravity of which is determined by an element which does not necessarily have anything to do with the *actus rea* or *mens rea* of the accused, should be excluded from the policy of the rule that when the offense

charged is punishable by imprisonment for more than two years the court may not instruct on lesser included offenses punishable by imprisonment for one year or less. The underlying reason for the rule, that those who commit serious crimes should be punished for such offenses while those who do not commit serious crimes should not be tried for a serious crime only to be found guilty of a much lower offense, is absent in this kind of case.

2. Furthermore, the defendant is denied a defense even though the aggravating circumstances of the crime depend on what the market value of the property is found to be at the time of the criminal transaction. Stated another way, granting that the essence of the gravity of the offense of receiving or concealing stolen property is whether the value exceeds $100, this essential characteristic does not necessarily directly relate to the conduct or intent of the accused. In such a situation, it is appropriate, on request, for the trial judge to instruct on the lesser included offense. The jury should be able to reject an opinion of a witness as to the value of property and still be able to convict a defendant it finds received or concealed the stolen property.

3. The defendant in this case suffered no injustice in having the law as it existed at the time of his trial applied to his case. The trial judge committed no error in instructing the jury as he did, and in fact would have been in error if he had instructed otherwise. Consequently, defendant's application for leave to appeal is denied. However, the Court as a matter of policy held that for trials commencing after May 31, 1979, the rule on lesser included offenses is modified to allow a trial judge to instruct the jury on a lesser included misdemeanor offense of receiving and concealing property with a value of $100 or less if the value of the property involved is the only element which separates the misdemeanor from the felony charged.

Leave to appeal denied.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Eugene C. Penzien,* and *David A. Hoort,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Terence R. Flanagan)* for defendant.

PER CURIAM. Defendant asks the Court to reconsider its policy decision in *People v Chamblis,* 395 Mich 408, 429; 236 NW2d 473 (1975), that:

"In any case wherein the charged offense is punishable by incarceration for more than two years, the court, whether or not requested, may not instruct on lesser included offenses for which the maximum allowable incarceration period is one year or less."

We accept the invitation, and hold that in trials commenced more than 30 days after the decision in this case, a trial judge may instruct the jury on the lesser included misdemeanor offense if the value of the property involved is the only element which separates the misdemeanor from the felony charged.

I

Defendant was charged with receiving and concealing stolen property with a value in excess of $100. MCL 750.535; MSA 28.803. He was convicted by a jury, pled guilty to a supplemental information charging him as a second offender, and in April 1976 was sentenced to serve a 2- to 7-1/2-year prison term. Defendant's conviction was affirmed by the Court of Appeals on November 8, 1978.

In March, 1975 Robert Ropp owned a 1932 Ford which had a 1967 Cadillac V-8 engine in it. On March 30, 1975, Ropp discovered his 1932 Ford vehicle was missing from the place where it was being stored. The Cadillac engine turned up behind a piece of paneling in the garage of defendant's father.

Although defendant's main theory of defense at trial was that he purchased the engine from an-

other person for $15, without knowledge that it was stolen,[1] he also contended that the engine was worthless and hence the element of value had not been established.

Owner Ropp testified that in his view the engine was worth anywhere from $800 to $1200 at the time it was taken. The people called an expert witness who testified that if the dismantled engine were cleaned up, it would be valued at anywhere from $400 to $800. The testimony of defendant was in conflict with that of Ropp and the expert as to the worth of the engine. During cross-examination defendant testified that he had engaged in trading engines over the years, and that a normal engine pulled from a car with 40,000 miles would be worth around $150. However, defendant testified that the engine involved in this case was junk, and therefore there was nothing unusual about paying $15 for it.

When the trial began, the judge's preliminary instructions included the following:

[1] Defendant's friend Dale Brownlee testified that he and defendant pulled the engine from Ropp's 1932 Ford on March 29, 1975 at Clem Banks' residence. According to Brownlee, defendant showed him a receipt for the engine at that time. Clem Banks testified that defendant brought the car out to his house and told him that the car belonged to defendant's father who used it for racing. The police testified that at the time they approached the defendant's residence to inquire about the car engine, defendant denied that the engine was in his garage. Later, defendant informed police that he had a receipt from Amos Morley for the engine. At first, defendant was unable to produce the receipt; but later he brought a receipt to the police station. Defendant testified at trial that he had purchased the engine from Amos Morley for $15. The police could find no such person, nor did the other witness know Morley. He also testified that he did not deny the engine was in the garage when the police came, but said only "What engine?". Defendant also testified that Amos Morley brought the 1932 Ford with the engine to defendant's house a week before defendant finally picked up the engine. (This would have been before the date the car was taken.) Although defendant testified that the receipt was given to him on the date that Amos Morley brought the vehicle to his home (*i.e.,* March 24, 1975), the date on the receipt was March 29, 1975.

"The law divides a crime of receiving and concealing stolen property into two types, depending on whether the fair market value of the property exceeds $100 or is $100 or less. You may find the defendant not guilty or guilty. If you find the defendant guilty, you must state in your verdict whether the value of the property exceeds $100 or is $100 or less.

"If you find the defendant guilty but have a reasonable doubt whether the value of the property exceeds $100, it is your duty to find him guilty of receiving or concealing stolen property of $100 or less."[2]

Before the trial judge's charge to the jury, the decision by this Court in *People v Chamblis, supra,* was brought to his attention. The assistant prosecuting attorney and defense counsel concurred that based on *Chamblis,* an instruction on receiving stolen property under $100 could not be given. In his final charge to the jury, the judge thus limited the verdict to guilty as charged or not guilty. The jury chose the former.

## II

As enunciated in *Chamblis,* the reason behind the policy established therein was that those who commit serious crimes ought to be punished for such offenses, while those who do not commit serious crimes should not be tried for those serious crimes only to be found guilty of a much lower offense. We are striving for a realistic relationship between the original charge and the offense committed, and we believed that the cause of justice would be better served, the potential harassment of an accused minimized, and undesirable compromise by the jury limited by establishing a rule

[2] But for this Court's decision in *People v Chamblis, supra,* the instruction was appropriate. See *People v Martin,* 91 Mich 650; 52 NW 68 (1892); *People v Sims,* 46 Mich App 29; 207 NW2d 426 (1973).

which precluded instruction on lesser included misdemeanor offenses when the charged offense is punishable by imprisonment for more than two years.

In the case at bar, the defendant was convicted under MCL 750.535; MSA 28.803, which reads in pertinent part:

"A person who buys, receives, or aids in the concealment of any stolen, embezzled, or converted money, goods, or property knowing the same to have been stolen, embezzled, or converted, if the property purchased, received, or concealed exceeds the value of $100.00, is guilty of a felony, punishable by imprisonment for not more than 5 years, or by a fine of not more than $2,500.00, or both. If the property purchased, received, or concealed is of a value of $100.00 or less, the person is guilty of a misdemeanor. On a third or subsequent conviction under this section the person is guilty of a felony, punishable as herein provided, although the value of the property purchased, received, or concealed did not exceed $100.00."

As the statute is designed, while the essence of the offense, receiving and concealing stolen property, is the guilty knowledge of the person, the gravity of the offense is measured in terms of value. A dollar demarcation is used to distinguish the seriousness of harm to the state. Nonetheless, value is a factor which is not necessarily controlled by the conduct of a defendant in carrying out the criminal transaction. Rather, the element which distinguishes a felon from a misdemeanant derives from a legislated cutoff. Further, as defined by the court, the term "value" in cases of this nature means market value at the time and place of the crime. See *People v Hanenberg,* 274 Mich 698; 265 NW 506 (1936).

The combination of the legislative measurement

of the seriousness of harm to the state by value in conjunction with the jurisprudential definition of value as market value compels us to conclude that offenses, the gravity of which is determined by an element which does not necessarily have anything to do with the *actus rea* or *mens rea* of the accused, should be excluded from the policy of *Chamblis.*

Not only are the underlying reasons for the *Chamblis* rule absent from this type of case, but the defendant is denied a defense even though the aggravating circumstances of the crime depend on what the market value is found to be at the time of the criminal transaction. Stated another way, granting that the essence of the gravity of the offense of receiving or concealing stolen property is whether the value exceeds $100, this essential characteristic does not necessarily directly relate to the conduct or intent of the accused. In such a situation, it is appropriate, on request, for the trial judge to instruct on the lesser included offense. In fact, it would be an unrealistic verdict, contrary to the policy of *Chamblis,* for a defendant admittedly guilty of receiving and concealing stolen property to be found not guilty of any offense solely on the determination of a value expert that the stolen property was worth $99, when an alternative exists in the very statute under which the defendant was charged. The jury should be able to reject an opinion of a person as to the value of property and still be able to convict a defendant it finds received or concealed the stolen property.

### III

At the time of the trial in this case, the rule of *Chamblis* was the law in Michigan and precluded the trial judge from giving an instruction on the

lesser offense of receiving or concealing stolen property of a value of $100 or less. Both the prosecutor and defense counsel recognized this, and consequently defense counsel did not object to the failure to give such an instruction. The trial judge committed no error in instructing as he did, and in fact would have been guilty of error if he had instructed otherwise. Defendant suffered no injustice in having the law as it existed at the time of his trial applied to his case. It is solely as a matter of policy that we alter the *Chamblis* rule today.

Consequently, defendant's application for leave to appeal is denied.

However, pursuant to GCR 1963, 865.1(7), we hold that for trials commencing more than 30 days after the decision in this case, the rule of *Chamblis* is modified to allow a trial judge to instruct the jury on a lesser included misdemeanor offense if the value of the property involved is the only element which separates the misdemeanor from the felony charged.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.