PEOPLE v BELANGER

Docket No. 55668. Submitted April 8, 1982, at Grand Rapids.—Decided November 2, 1982.

Girard W. Belanger was convicted by a jury in the Ottawa Circuit Court, Calvin L. Bosman, J., of concealing or misrepresenting the identity of a motor vehicle with intent to mislead by altering the manufacturer's serial number. Defendant appeals alleging that the venue for the trial was erroneous, that the trial court erred by admitting testimony concerning a statement defendant made to a police officer investigating the case, that the statute under which he was convicted was not in effect at the time he committed the crime, and that the trial court erred by declining to instruct the jury on the misdemeanor of concealing or misrepresenting the identity of a motor vehicle without the intent to mislead by altering the manufacturer's serial number. *Held:*

1. A violation of the statute regarding concealing or misrepresenting the identity of a motor vehicle with intent to mislead by altering the manufacturer's serial number may properly be prosecuted in a county where the alteration took place, in a county where defendant was in possession of a vehicle with an

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 30 Am Jur 2d, Evidence § 1174.

[2, 4] 21 Am Jur 2d, Criminal Law § 366.
Construction and effect of statutes providing for venue of criminal case in either county, where crime is committed partly in one county and partly in another. 30 ALR2d 1265.

[3, 4, 10] 7A Am Jur 2d, Automobiles and Highway Traffic § 353.

[5] 5 Am Jur 2d, Appeal and Error § 616.
77 Am Jur 2d, Venue § 1.

[6] 20 Am Jur 2d, Courts §§ 226-229.

[7] 21A Am Jur 2d, Criminal Law § 791 *et seq.*
Necessity of informing suspect of rights under privilege against self-incrimination, prior to police interrogation. 10 ALR3d 1054.

[8] 73 Am Jur 2d, Statutes § 350.

[9] 73 Am Jur 2d, Statutes § 250.

[10] 73 Am Jur 2d, Statutes § 343.

[11] 75 Am Jur 2d, Trial § 876.

altered number, or in a county where an act of misrepresentation took place.

2. An act of misrepresentation took place in Ottawa County, the county where defendant was tried.

3. Venue is a question of fact to be determined by the jury. Under the circumstances, defendant failed to preserve the venue issue for appellate review since the defendant made no request that the jury be instructed to consider the venue issue and the testimony relevant to the issue of venue was not in dispute.

4. The trial court did not err in admitting testimony concerning the statement defendant made to a police officer without defendant's having received the *Miranda* warnings since the evidence shows that the meeting took place at defendant's request and nothing in the record indicates that defendant's freedom of action at the time of the meeting had been restrained in any significant way; the statement was not a product of custodial interrogation.

5. The Michigan Supreme Court has never displayed an intent to adopt the "focus test", for the purpose of establishing when *Miranda* warnings must be given, as a matter of state constitutional law; the 1981 Michigan Court of Appeals decision which held the "focus test" to be imposed as a matter of state constitutional law was incorrectly decided.

6. The statute under which defendant was convicted took effect prior to the time he committed the crime.

7. The trial court correctly declined to instruct the jury on the misdemeanor of concealing or misrepresenting the identity of a motor vehicle without the intent to mislead by altering the manufacturer's serial number since in any case wherein the charged offense is punishable by incarceration for more than two years, the court, whether or not requested, may not instruct on lesser included offenses for which the maximum allowable incarceration period is one year or less.

Affirmed.

1. CRIMINAL LAW — VENUE.

The prosecution in a criminal trial must prove venue beyond a reasonable doubt.

2. CRIMINAL LAW — VENUE.

A felony which consists of or is the culmination of two or more acts done in the perpetration thereof may be prosecuted in any county in which any one of the said acts was committed (MCL 762.8; MSA 28.851).

3. CRIMINAL LAW — MOTOR VEHICLES — ALTERED SERIAL NUMBERS — POSSESSION — PRIMA FACIE EVIDENCE.

> Possession of a vehicle with an altered manufacturer's serial number is prima facie evidence of both the felony and the misdemeanor of concealing or misrepresenting the identity of a motor vehicle by altering the manufacturer's serial number (MCL 750.415; MSA 28.647).

4. CRIMINAL LAW — MOTOR VEHICLES — ALTERED SERIAL NUMBERS — VENUE.

> A violation of the statute regarding concealing or misrepresenting the identity of a motor vehicle with intent to mislead by altering the manufacturer's serial number may be prosecuted in a county where the alteration took place, in a county where defendant was in possession of a vehicle with an altered number, or in a county where an act of misrepresentation took place (MCL 750.415[2], 762.8; MSA 28.647[2], 28.851).

5. TRIAL — VENUE — JURY — QUESTIONS OF FACT.

> Venue is a question of fact to be determined by the jury; a defendant did not preserve for appellate review an issue regarding the propriety of the trial court's venue where the defendant made no request that the jury be instructed to consider the venue issue and where the testimony relevant to the issue of venue was not in dispute.

6. CONSTITUTIONAL LAW — STATES — COURTS — POLICE ACTIVITIES.

> State courts are not free to hold that federal constitutional law requires greater restrictions on police activity than required by the United States Supreme Court.

7. CONSTITUTIONAL LAW — CRIMINAL LAW — *MIRANDA* WARNINGS — FOCUS TEST.

> The Michigan Supreme Court has not displayed an attempt to adopt the "focus test" for determining whether *Miranda* warnings should be given to a suspect as a matter of state constitutional law.

8. CRIMINAL LAW — STATUTES — EFFECTIVE DATE

> Conduct which takes place before the effective date of a statute will not support a conviction under that statute.

9. STATUTES — JUDICIAL CONSTRUCTION.

> Statutes should be construed, if possible, so that every part of the statute is given some effect since it is presumed that the Legislature did not intend to do a useless thing.

10. STATUTES — MOTOR VEHICLES — ALTERED SERIAL NUMBERS —
    EFFECTIVE DATE.
    The amendments to the statute regarding concealing or misrepre-
    senting the identity of a motor vehicle with intent to mislead
    by altering the manufacturer's serial number which were
    added by 1978 PA 494 took effect on December 13, 1978 (MCL
    750.415[2]; MSA 28.647[2]).

11. CRIMINAL LAW — TRIAL — JURY INSTRUCTIONS — LESSER IN-
    CLUDED OFFENSES.
    A trial court, whether or not requested, may not instruct a jury
    on lesser included offenses for which the maximum allowable
    incarceration period is one year or less where the charged
    offense is punishable by incarceration for more than two years.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Wesley J. Nykamp,* Prosecuting Attorney, and *Gregory J. Babbitt,* Assistant Prosecuting Attorney, for the people.

*Robert L. Douglas,* for defendant on appeal.

Before: MACKENZIE, P.J., and D. E. HOLBROOK, JR., and D. S. DEWITT,* JJ.

MACKENZIE, P.J. After a jury trial, defendant was convicted of concealing or misrepresenting the identity of a motor vehicle with intent to mislead by altering the manufacturer's serial number, MCL 750.415(2); MSA 28.647(2), and was sentenced to pay a fine of $300 and costs of $500 within 20 days or to be confined in the county jail for 120 days. Defendant appeals by right.

I

Defendant argues that the venue for the trial was erroneous. The prosecution must prove venue beyond a reasonable doubt. *People v Plautz,* 28

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Mich App 621; 184 NW2d 761 (1970). MCL 762.8; MSA 28.851 provides:

"Whenever a felony consists or is the culmination of two or more acts done in the perpetration thereof, said felony may be prosecuted in any county in which any one of said acts was committed."

Defendant was tried in Ottawa County. Defendant points to testimony that the number was changed at defendant's direction in Wheeler, Michigan, which is apparently located in Gratiot County. However, testimony also indicated that the car with the altered number was consigned by defendant for sale at Grand Rapids Auto Auction. Misled by the auction's name, defendant argues that the auction was located in Kent County; however, testimony unambiguously indicated that the auction was located in Ottawa County.

In *People v Brooks,* 405 Mich 225; 274 NW2d 430 (1979), the Court considered the circumstances under which a police officer could arrest a suspect for the misdemeanor of concealing or misrepresenting the identity of a motor vehicle by altering the manufacturer's serial number, MCL 750.415(1); MSA 28.647(1). The felony of which defendant was convicted here contains all of the elements of the misdemeanor plus the additional element of an intent to mislead. The Court in *Brooks* pointed out that MCL 764.15(1)(a); MSA 28.874(1)(a) allows a police officer to make an arrest without a warrant for a misdemeanor committed in his presence. The Court held:

"To interpret the statute as requiring that the police must witness both the altering and the misrepresentation would for all practical purposes make the statute unenforceable. Persons engaged in the illicit business of

stealing and disposing of cars for cash do not ply their trade in public. VIN numbers are not likely to be altered in broad daylight and in plain view. They are doctored in the secrecy of garages and 'chop shops' throughout the state. Therefore, the physical act of alteration is rarely observed. Furthermore, stolen automobiles are extremely mobile and fungible. Within hours they can be driven to another state or country or they can be dissected into their component parts, irrevocably beyond identification or recovery.

"We believe the Legislature was aware of these facts when it made possession of a motor vehicle with an 'altered' VIN 'prima facie' evidence of commission of this crime. When, as here, a police officer observes the accomplished fact of physical alteration together with an act of misrepresentation, it would make little sense to send the possessor freely on his or her way. By the time a warrant could be obtained, the culprit and the car would be long gone." (Footnote omitted.) 405 Mich 240-241.

Possession of a vehicle with an altered number is prima facie evidence of the felony at issue here as well as of the misdemeanor at issue in *Brooks.* MCL 750.415(3); MSA 28.647(3). Reading *Brooks* together with MCL 762.8; MSA 28.851, we conclude that a violation of MCL 750.415(2); MSA 28.647(2) may properly be prosecuted in a county where the alteration took place, in a county where defendant was in possession of a vehicle with an altered number, or in a county where an act of misrepresentation took place. An act of misrepresentation in Ottawa County took place when defendant consigned the vehicle with the altered number for sale at Grand Rapids Auto Auction.

Venue is a question of fact to be determined by the jury. *People v Watson,* 307 Mich 596, 603; 12 NW2d 476 (1943). Defendant argues that the trial court erred by failing to give instructions which would present the issue of venue for the jury's

consideration. However, defendant made no request for such instructions. At the close of the prosecution's proofs, defendant moved for a directed verdict on the ground that the prosecution had failed to establish that Ottawa County was a proper venue, but defendant never suggested that the question of venue was properly for the jury, rather than the trial court, to resolve. The testimony relevant to the issue of venue was not in dispute; the parties' disagreement was as to the applicable law. Under these circumstances, defendant has failed to preserve this issue for appellate review. See MCL 767.45; MSA 28.985, which provides in part:

"The indictment or information shall contain:

\* \* \*

"3. That the offense was committed in the county or within the jurisdiction of the court. But no verdict shall be set aside or a new trial granted by reason of failure to prove that the offense was so committed unless the accused have raised such question before the case is submitted to the jury."

See also *People v Carey,* 36 Mich App 640; 194 NW2d 93 (1971), and *People v Morgan,* 50 Mich App 288; 213 NW2d 276 (1973), *rev'd on other grounds* 400 Mich 527; 255 NW2d 603 (1977).

## II

Defendant argues that the trial court erred by admitting testimony concerning a statement defendant made to Detective Sergeant Lloyd Stearns, the state police officer who investigated the case. The statement was held to have been voluntary after a hearing pursuant to *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

Transcripts of that hearing are not available, but the parties agree that the relevant testimony was repeated without variance at trial.

The only testimony concerning the circumstances under which the statement was made was that of Detective Sergeant Stearns. He testified that on August 1, 1979, he was at the Grand Rapids Auto Auction in connection with another investigation. At the request of an employee of the auction, he examined the car at issue here. The car was at the auction to be sold on behalf of Jerry's Auto Sales of Wheeler, Michigan. Defendant later testified that he did business under that name. Detective Sergeant Stearns examined the car and determined that the vehicle identification number appeared to have been altered. At his request, the auction impounded the car.

Several days later, according to the detective sergeant, defendant called his office and left an urgent message for him to call defendant. When the detective sergeant returned the call, defendant explained that he wanted to get his car released for sale and requested a meeting. Defendant volunteered to bring his records connected with the car. The meeting was held as defendant requested and in the course of the meeting defendant made the statement at issue here. Defendant was not given the warnings required by *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966), at the meeting.

Defendant, relying on *People v Wallach,* 110 Mich App 37, 48-50; 312 NW2d 387 (1981), argues that the failure to give him the *Miranda* warnings rendered his statement inadmissible since the investigation had focused on him before the state-

ment was made. In *Beckwith v United States,* 425 US 341, 345-347; 96 S Ct 1612; 48 L Ed 2d 1 (1976), and in *Oregon v Mathiason,* 429 US 492, 494-495; 97 S Ct 711; 50 L Ed 2d 714 (1977), the Court rejected the "focus test" and held that *Miranda* was applicable only to custodial interrogation. The Court pointed to its statement in *Miranda, supra,* p 444:

"By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.[4]

---

"[4] This is what we meant in *Escobedo v Illinois,* 378 US 478; 84 S Ct 1758; 12 L Ed 2d 977 (1964) when we spoke of an investigation which had focused on an accused."

---

The *Wallach* panel relied upon references to the "focus test" in *People v Reed,* 393 Mich 342, 357-360; 224 NW2d 867 (1975), *cert den* 422 US 1044; 95 S Ct 2660; 45 L Ed 2d 696 (1975), *People v Ridley,* 396 Mich 603, 606-609; 242 NW2d 402 (1976), and *People v Brannan,* 406 Mich 104, 118; 276 NW2d 14 (1979). However, state courts are not free to hold that federal constitutional law requires greater restrictions on police activity than required by the United States Supreme Court. *Oregon v Hass,* 420 US 714; 95 S Ct 1215; 43 L Ed 2d 570 (1975).

The *Wallach* panel acknowledged *Beckwith, Mathiason,* and *Hass,* but held that *Reed, Ridley,* and *Brannan* imposed the "focus test" as a matter of state constitutional law. However, as another panel pointed out in *People v Martin,* 78 Mich App 518, 522; 260 NW2d 869 (1977), the Michigan Supreme Court relied exclusively on federal constitutional authorities in adopting the "focus test". In

*Ridley* and *Brannan* the Court relied only upon *Miranda* and *Reed. Reed* relied upon *Miranda* and upon *People v Wasson,* 31 Mich App 638, 641-643; 188 NW2d 55 (1971), a decision based on federal constitutional authorities. No Michigan case has ever held that warnings analogous to those required by *Miranda* are required as a matter of state constitutional law. The references to the "focus test" in *Ridley* and *Brannan* were dicta, as an examination of the facts of those cases shows that the result would have been no different had the "custody test" been applied. In *People v Paintman,* 412 Mich 518, 528-529; 315 NW2d 418 (1982), the Court applied the "custody test" without reference to the state constitution or to *Reed, Ridley* or *Brannan.* In view of these authorities, we cannot say that the Michigan Supreme Court has ever displayed an intent to adopt the "focus test" as a matter of state constitutional law. We regard *Wallach* as incorrectly decided.

Because the evidence shows that defendant's meeting with Detective Sergeant Stearns took place at defendant's request, and because nothing in the record indicates that defendant's freedom of action at the time of the meeting had been restrained in any significant way, we cannot say that defendant's statement was the product of custodial interrogation. The trial court did not err by admitting testimony concerning the statement.

### III

Defendant argues that the statute under which he was convicted was not in effect at the time he committed the crime. Defendant points to testimony that one element of the crime, alteration of the serial number, took place in early March, 1979. Conduct which took place before the effective

date of a statute will not support a conviction under that statute. *People v Ulysee Gibson,* 71 Mich App 220, 223; 247 NW2d 357 (1976). MCL 750.415(2); MSA 28.647(2) was added to the statute by 1978 PA 494, which also contained the following provision:

"Section 2. This amendatory act shall not take effect unless House Bill No. 5371 (request no. 3562 '77) of the 1977 regular session of the legislature is enacted into law.
"This act is ordered to take immediate effect."

1978 PA 494 was approved by the Governor on December 11, 1978.

House Bill No. 5371 became 1978 PA 507, which contained the following provision:

"Section 3. This amendatory act shall not take effect until July 1, 1979."

1978 PA 507 was approved by the Governor on December 13, 1978. Defendant argues that the foregoing provisions, when read in conjunction, show that 1978 PA 494 took effect on July 1, 1979. The prosecution argues that 1978 PA 494 took effect on December 13, 1978, the day 1978 PA 507 was approved by the Governor. Defendant would read the phrase "is enacted into law" to mean "takes effect", while the prosecution would read the phrase to mean "is passed by the Legislature and approved by the governor".

Because it is presumed that the Legislature did not intend to do a useless thing, it is a rule of statutory construction that, if possible, every part of a statute must be given some effect. *United Ins Co v Attorney General,* 300 Mich 200, 203-204; 1 NW2d 510 (1942); *Klopfenstein v Rohlfing,* 356

Mich 197, 202; 96 NW2d 782 (1959). Statutes take effect in accordance with the procedures specified in Const 1963, art 4, § 27:

"No act shall take effect until the expiration of 90 days from the end of the session at which it was passed, but the legislature may give immediate effect to acts by a two-thirds vote of the members elected to and serving in each house."

The 1978 regular session of the Legislature ended on December 29, 1978. Thus, acts to which the Legislature gave no effective date and which the Legislature did not order to take immediate effect took effect on March 30, 1979. If the Legislature intended 1978 PA 494 to take effect on July 1, 1979, the date on which 1978 PA 507 was to take effect, there was no need for the Legislature to specify that 1978 PA 494 take immediate effect. However, Const 1963, art 4, § 27 required such a specification if the Legislature intended 1978 PA 494 to take effect on December 13, 1978.

1978 PA 507 added certain definitions to the vehicle code and revised certain provisions concerning vehicle registration, certificates of title, salvage certificates of title, dealer registration, and dealer records. Nothing in 1978 PA 507 is necessary for the operation of 1978 PA 494. In view of the absence of any need for 1978 PA 507 to be in effect when 1978 PA 494 took effect and in view of the Legislature's specification that 1978 PA 494 take immediate effect, we conclude that the statute took effect on December 13, 1978.

IV

Defendant argues that the trial court erred by declining to instruct the jury on the misdemeanor

of concealing or misrepresenting the identity of a motor vehicle without intent to mislead by altering the manufacturer's serial number, MCL 750.415(1); MSA 28.647(1). The elements of the felony of which defendant was convicted differ from those of the misdemeanor only in that an intent to mislead is an element of the felony. The trial court correctly declined to instruct the jury on the misdemeanor in view of *People v Chamblis,* 395 Mich 408, 429; 236 NW2d 473 (1975):

"We are establishing a rule today, as a matter of policy, limiting the extent of compromise allowable to a jury in deciding whether to convict of a lesser included offense. In any case wherein the charged offense is punishable by incarceration for more than two years, the court, whether or not requested, may not instruct on lesser included offenses for which the maximum allowable incarceration period is one year or less."

Defendant points out that in *People v Miller,* 406 Mich 244; 277 NW2d 630 (1979), the Court modified the *Chamblis* rule to allow instruction on a lesser included misdemeanor if the value of the property involved is the only element which separates the misdemeanor from the felony charged. Defendant argues that the instant situation presents as compelling a case for an exception to the *Chamblis* rule as that presented in *Miller.* Whatever the merits of such an argument as a matter of policy, it entitles defendant to no relief here. *Chamblis* and *Miller* were exercises of the Supreme Court's supervisory powers over practice and procedure in the courts of this state. This Court has no such powers. Moreover, while defendant's arguments in *Miller* induced the Court to announce a prospective modification of the *Chamblis* rule, defendant Miller himself received no relief.

Affirmed.