PEOPLE v GOLDEN

Docket No. 58757. Submitted June 14, 1982, at Lansing.—Decided November 18, 1982.

William P. Golden was convicted of embezzlement of over $100 and of failing to keep public monies safe, Oakland Circuit Court, Robert C. Anderson, J. Defendant, a junior high school principal, was accused of having converted to his own use certain monies belonging to the school district. Defendant appeals, alleging that testimony regarding his alleged drinking problem was erroneously admitted to establish motive, that the trial court erred by denying his request for a jury instruction on embezzlement of under $100, and that the convictions of both embezzlement and failure to keep public monies safe resulted in double jeopardy. *Held:*

1. The testimony relating to the alleged drinking problem was irrelevant to the establishment of the charged offenses. The prosecution presented this testimony in an attempt to show the defendant's monetary need and, therefore, a motive. The defendant had not placed his character in issue. The testimony was erroneously admitted as a part of the prosecution's case in chief. Reversal is required.

2. The defendant was entitled, upon request, to an instruction on the lesser included misdemeanor of embezzlement of under $100. An instruction on a misdemeanor which is a lesser included offense of a charged felony is appropriate where the only element separating the felony and the misdemeanor is the amount of money involved.

3. On the facts of this case, the convictions of both embezzlement and failure to keep public monies safe resulted in double jeopardy.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] 26 Am Jur 2d, Embezzlement § 49.
[2] 29 Am Jur 2d, Evidence §§ 339, 340.
[3] 75 Am Jur 2d, Trial § 876.
[4] 26 Am Jur 2d, Embezzlement § 1.
[5, 6] 21 Am Jur 2d, Criminal Law §§ 266, 269, 276.

1. CRIMINAL LAW — EVIDENCE — CHARACTER EVIDENCE.

Testimony alleging that a defendant had a drinking problem resulting in financial difficulty, presented in an attempt to prove a motive for the charged offenses of embezzlement and failing to safeguard public monies, was improperly admitted in the prosecution's case in chief where the evidence of financial embarrassment was so tenuous that it was not probative of need and where the defendant at no time placed his reputation for sobriety at issue.

2. CRIMINAL LAW — EVIDENCE — CHARACTER EVIDENCE.

Character evidence generally is not admissible to prove that a person acted in conformity therewith on a particular occasion except that an accused may present evidence of a pertinent trait of his character and the prosecutor may present evidence to rebut the same; if a defendant does not first put his character in issue, the prosecution may not offer proof of his bad character (MRE 404[a][1]).

3. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES.

A defendant charged with a felony offense is entitled, on request, to a jury instruction on a lesser included misdemeanor offense where the only element separating the felony from the misdemeanor is the amount of money involved in the criminal transaction.

4. EMBEZZLEMENT — LESSER INCLUDED OFFENSES.

Embezzlement of under $100 is a necessarily included lesser offense of embezzlement of over $100 as it is impossible to commit the greater offense without having committed the lesser offense (MCL 750.174; MSA 28.371).

5. CRIMINAL LAW — DOUBLE JEOPARDY — LESSER INCLUDED OFFENSES.

Conviction of both a greater offense and a lesser included offense violates a defendant's protection against double jeopardy; whether a lesser offense is included within a greater offense depends upon the facts of the case at issue.

6. CRIMINAL LAW — LESSER INCLUDED OFFENSES — ELEMENTS OF OFFENSE.

The fact that a lesser offense within the same category as a greater offense has an element not included in the greater does not preclude the lesser from being included within the greater.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,*

Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*Bruce T. Leitman,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and T. M. BURNS and J. E. MCDONALD,* JJ.

PER CURIAM. Defendant was convicted of two counts of embezzlement of over $100, contrary to MCL 750.174; MSA 28.371, and two counts of failing to keep public monies safe, contrary to MCL 750.490; MSA 28.758. Defendant was sentenced to two years probation, with the first 30 days to be served in the Oakland County jail, and was assessed $400 in costs. Defendant appeals as of right.

First, defendant claims that it was error for the prosecution to present evidence of defendant's alleged drinking problem to establish motive for the charge of embezzlement. We agree.

Before the jury was selected, defense counsel presented a motion *in limine* to preclude the prosecution from presenting evidence related to defendant's alleged drinking problem and, further, to preclude voir dire of prospective jurors in that area. Counsel claimed that such evidence would be irrelevant and unduly prejudicial. The prosecutor asserted that evidence of defendant's drinking problem would prove motive for embezzlement, *i.e.,* defendant needed money to support his habit. The trial court ruled that such evidence would not prejudice defendant and denied defendant's motion.

The prosecutor delved into defendant's drinking

---

* Circuit judge, sitting on the Court of Appeals by assignment.

problem during direct examination of the assistant principal, Larry Adams. During the course of the direct examination defendant made numerous objections and at the conclusion of Adams's testimony registered a continuing objection.

At the close of the prosecution's case in chief, defense counsel moved for a mistrial because, *inter alia,* of the prejudicial inferences that were placed before the jury regarding defendant's drinking habits. The motion was denied.

Defendant's character witness, Joseph Kaliszuk, was cross-examined:

*"By Mr. Sosnick [Assistant Prosecutor]:*
*"Q.* Mr. Kaliszuk, what business are you in?
*"A.* I work for Michigan Bell.
*"Q.* And do you work a full day?
*"A.* Yes, I do. I sell real estate in the evenings.
*"Q.* And had you heard that Mr. Golden in 1979 and '80 would go to school in the morning, leave, come back with an odor of intoxicants on his breath?
*"A.* No, I haven't.
*"Q.* Would that surprise you, sir?
*"Mr. Porco [defense attorney]:* Objection, your Honor. I think that's totally inappropriate cross-examination. We're talking here about Mr. Golden's reputation for honesty and truthfulness, nothing to do whatsoever with the alcohol. And again, apparently, Mr. Sosnick persists in making that an issue. That's improper cross-examination.
*"Mr. Sosnick:* Your Honor, he's a character witness.
*"Mr. Porco:* Your Honor, I * * *
*"Mr. Sosnick:* I can go into specific * * * I'd like to test the basis of his knowledge.
*"Mr. Porco:* Then if that's the case, your Honor, let Mr. Sosnick test the basis of his knowledge on honesty and truthfulness. And if he wants to persist on that * * *
*"The Court:* All right. That's all we have before us, gentlemen, is a character witness for the truth * * *."

During closing argument the prosecutor specifically referred to defendant's drinking problem as a motive for embezzlement:

"on the one hand the character witnesses knew William Golden outside the school. You saw a different picture of William Golden, not the William Golden that's testifying today. What we're trying to recreate now is the William Golden in November, and December, and January, February, and March; the William Golden of October and September; the William Golden who according to the testimony would leave in the morning, and be gone all day, and come back, according to the testimony intoxicated. He was somewhere. We never did get an explanation, did we. He testified; he had his opportunity.

* * *

"Ladies and gentlemen, Mr. Golden is guilty of embezzlement and commingling. He isn't guilty of it because he was drinking, and I in no way attempted to get you to get that idea. I'm not on trial here. But, we do know this, that he was not in school, that he came back drinking, that he needed money for that. The fact that we can't show that he bought anything with it specifically isn't part of the proof.

"It's a secretive crime. It's a crime that's established in secret. That's how you get away with it, okay. We know that he had money problems and he had to borrow money. I can't tell you exactly, but that's not the burden. Again, I'm not on trial here, but we have so many other positive facts to show what happened and what didn't happen to the money. That becomes another one of those illogical arguments thrown in there to kind of get you off the track."

The prosecution failed to establish any valid connection between defendant's alleged drinking problem and use of the embezzled funds. At most, the jury would have had to draw very tenuous inferences. It was not shown that defendant in fact had a serious drinking problem that necessitated

the expenditure of large sums of money which defendant did not have. Larry Adams's testimony was clearly contradicted by Ina Gorshee. Witnesses Hunter's and Scherer's knowledge of defendant's use of alcohol was based entirely on hearsay. We conclude that testimony relating to defendant's drinking problem was patently irrelevant to the establishment of the charges of embezzlement and commingling of public funds.

The prosecution introduced evidence of defendant's drinking problem under the guise of establishing motive. MRE 404(b). The prosecution suggested to the jury that defendant had a serious and uncontrollable drinking problem which he could not satisfy with his personal income and, thus, that he embezzled school funds to maintain his habit. This insinuation was part of the prosecution's effort to characterize defendant as being financially destitute. The prosecution attempted to establish the fact of defendant's poor economic situation through Larry Adams's testimony that defendant was unable to afford the garage bill to repair his car. However, it became readily apparent that defendant and Adams regularly exchanged stories of their poor financial circumstances. The inference that defendant embezzled the school funds to pay the car bill was destroyed by defendant's testimony and documentation that he had obtained a loan to make the payment. The prosecution further attempted to establish defendant's dire financial need through testimony that defendant would give his children lunch money from the book store fund without putting an IOU into the fund.

The prosecution did not present any direct evidence of the severity of defendant's alleged drinking problem (if, in fact, he had one) or the amount

of money he spent to sustain his habit. There was no evidence whatsoever that defendant had accumulated major liquor bills which he could not pay. There was no basis to infer that defendant was in financial difficulty or that he had an acute and atypical need for money at the time of the offense. Any evidence of financial embarrassment was so tenuous that it was not probative of need and the trial judge should have exercised his discretion to exclude it. Failure to do so under the circumstances here constituted prejudicial and reversible error.

A motive is an inducement for doing some act; it gives birth to a purpose. *People v Kuhn,* 232 Mich 310, 312; 205 NW 188 (1925). The evidence here did not establish a motive of any kind for the alleged charges and reference to defendant's drinking problem in particular should have been excluded. *People v Henderson,* 408 Mich 56, 67-68; 289 NW2d 376 (1980).

Generally, character evidence is not admissible to prove that a person acted in conformity therewith on a particular occasion except that the accused may present evidence of a pertinent trait of his character and the prosecutor may present evidence to rebut the same. MRE 404(a)(1), *People v Neal,* 290 Mich 123; 287 NW 403 (1939). It is well established that if a defendant does not first put his character in issue, the prosecution may not offer proof of his bad character. *People v Hammond,* 394 Mich 627; 232 NW2d 174 (1975); *People v Boske,* 221 Mich 129; 190 NW 656 (1922); *People v Johnson,* 409 Mich 552, 558-559; 297 NW2d 115 (1980).

At no time did defendant place his character, other than his character for honesty and truthfulness, in issue. Defendant did not introduce evi-

dence of his character for sobriety. Hence, it was error for the prosecutor to present such evidence in his case in chief.

Next, defendant claims that the trial court erred in denying defendant's request for an instruction on the lesser included offense of embezzlement under $100. Defendant is correct. See *People v Miller,* 406 Mich 244; 277 NW2d 630 (1979), wherein an exception to *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975), was made. In effect, the Court therein held that for trials commencing after May 31, 1979, the rule on lesser included offenses is modified to allow a trial judge to instruct the jury on a lesser included misdemeanor offense of receiving and concealing stolen property of a value of $100 or less if the value of the property involved is the only element which separates the misdemeanor from the felony charged. *Miller* was released May 1, 1979. This case was commenced after that date.

Embezzlement of under $100 is a necessarily lesser included offense of embezzlement of over $100, as it is impossible to commit the greater offense without first having committed the lesser offense. *People v Ora Jones,* 395 Mich 379, 387; 236 NW2d 461 (1975). However, since the greater felony offense is punishable by incarceration for more than two years and the maximum allowable incarceration period for the lesser misdemeanor offense is under one year, an instruction on the lesser misdemeanor offense could only be given if the *Miller* exception applies. While *Miller* related to receiving and concealing stolen property we conclude that the *Miller* modification of *Chamblis* applies to all cases where the only element separating the felony from the misdemeanor is the amount of money involved. Here such is the case

and defendant, on request, was entitled to the instruction.

Finally, defendant contends he was placed twice in jeopardy by being convicted and sentenced both for embezzlement of over $100, MCL 750.174; MSA 28.371, and failure to keep safe public monies, MCL 750.490; MSA 28.758.

The trial judge instructed the jury as to all permissible verdicts. He stated:

"Count Number I—this concerns a check to Muir Junior High School. Count Number I is the embezzlement of the funds in the amount of $529 from the parents' group concerning the Muir Junior High School.

"Count Number II is the commingling of the funds represented by that check—that's the $529 check.

"Count Number III concerns the embezzlement of the check in the amount of $529 and the funds from that check which was from the National School Studios.

"Count Number IV concerns the commingling * * * the charge of commingling the funds represented by that check.

"Now, you're entitled to return your verdict of guilty to either Count Number I and/or Count Number II and/or Count Number III and/or Count Number IV; or you may return not guilty to any one or all of those particular counts."

Defense counsel objected to the court's charge that defendant could be convicted of both embezzlement and commingling of public funds, contending that combined conviction would subject defendant to double jeopardy. The objection was overruled. Again, we agree with defendant.

The substance of the crime of embezzlement is stated in MCL 750.174; MSA 28.371, and the statute defining the safekeeping of public monies is MCL 750.490; MSA 28.758.

The application of double jeopardy protection

was addressed in *People v Wilder,* 411 Mich 328, 343-345; 308 NW2d 112 (1981). Therein the Supreme Court stated:

"In such instances, Michigan has adopted a standard of review which focuses upon the proof of facts necessary to conviction. Where the proof adduced at trial indicates that one offense is a necessarily or cognate lesser included offense of the other, then conviction of both the offenses will be precluded. *People v Cook,* 236 Mich 333; 210 NW 296 (1926); *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976); *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977); *People v Jankowski,* 86." (Footnotes omitted.)

In *People v Jankowski,* 408 Mich 79, 91; 289 NW2d 674 (1980), the Supreme Court stated:

"For purposes of the double jeopardy analysis, as a matter of state constitutional law, the question is not whether the challenged lesser offense is by definition necessarily included within the greater offense also charged, but whether, on the facts of the case at issue, it is."

It is necessary to determine on the facts adduced at trial here whether failure to keep public monies safe is included within the offense of embezzlement. In this case we conclude that it is.

The offenses clearly manifest common elements. The fact that a lesser offense within the same category as the greater offense has an element not included within the greater does not preclude the lesser from being included within the greater. *Ora Jones, supra,* pp 388-389; *People v McDonald,* 9 Mich 150, 153 (1861).

The offenses share a common statutory purpose. The Legislature intended in part to protect the public against wrongful conversion of public mo-

nies by individuals who are lawfully authorized to receive and control such funds.

Accordingly, we find that the safekeeping of public monies is a cognate lesser included offense of the greater offense of embezzlement, under the facts presented here, as the offenses (1) have overlapping elements and (2) have a common statutory purpose. Accordingly, we find that defendant's conviction and sentence under both statutes violated his constitutional right against double jeopardy.

Reversed and remanded.

J. E. MCDONALD, J., not participating due to death.