PEOPLE v MARBURY

Docket No. 82725. Submitted December 5, 1985, at Detroit. Decided March 6, 1986.

Defendant, Tyrome Marbury, was convicted of two counts of second-degree murder following a bench trial in the Recorder's Court for the City of Detroit. The trial court, Robert L. Evans, J., sentenced defendant to imprisonment for life on each conviction. Defendant appeals alleging error in the admission into evidence of the defendant's confession. *Held:*

1. The trial court's finding that defendant was not subjected to custodial interrogation when the police began questioning him upon his arrival at the police station was not erroneous.

2. The "custody test" must be applied in determining whether *Miranda* advice must be given prior to police questioning.

3. The trial court did not err in concluding that defendant was not under arrest or otherwise in custody when he came to the police station for questioning.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — CONFESSIONS.

The Court of Appeals will examine the entire record and reach an independent determination of voluntariness when reviewing a trial court's ruling on the voluntariness of a defendant's confession; however, when witnesses offer conflicting evidence, deference will be given to the findings of the trial court; absent a definite and firm conviction that the trial court erred, the Court of Appeals will affirm.

2. CRIMINAL LAW — CUSTODY TEST — CUSTODIAL INTERROGATION.

The "custody test" must be applied in determining whether

REFERENCES

Am Jur 2d, Criminal Law §§ 647, 788-797.

Admissibility of confession or other statement made by defendant as affected by delay in arraignment—modern state cases. 28 ALR4th 1121.

What constitutes "custodial interrogation" within rule of Miranda v Arizona requiring that suspect be informed of his federal constitutional rights before custodial interrogation. 31 ALR3d 565.

*Miranda* advice must be given prior to police questioning of a person; custody, for the purpose of deciding whether there has been custodial interrogation by the police, occurs when a person has been deprived of his freedom of action in a meaningful way; the totality of the circumstances must be examined to determine whether a defendant was in custody at the time of police interrogation; the key question is whether the defendant could reasonably believe that he was not free to leave.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, and *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, for the people.

*Elizabeth Jacobs,* for defendant.

Before: MacKenzie, P.J., and D. F. Walsh and Shepherd, JJ.

Per Curiam. Defendant appeals from a bench trial conviction in Detroit Recorder's Court of two counts of second-degree murder, MCL 750.317; MSA 28.549. Defendant was sentenced to life imprisonment on each conviction.

On appeal, defendant challenges the trial court's ruling, following a *Walker* hearing, that defendant's confession was admissible. *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965). The trial court found that defendant was properly advised of his rights prior to making an inculpatory statement and was not required to be advised at the inception of questioning. Defendant argues that he was subjected to custodial interrogation as soon as he was brought to the police station, and that he should have been advised of his rights at the inception of questioning. We agree with the trial court and affirm.

When reviewing the trial court's ruling on the voluntariness of a confession, this Court will examine the entire record and reach an independent

determination of voluntariness. *People v Robinson,* 386 Mich 551, 558; 194 NW2d 709 (1972); *People v Carl Johnson,* 99 Mich App 547, 554; 297 NW2d 713 (1980). However, when witnesses offer conflicting evidence, deference will be given to the findings of the trial court. *People v Crawford,* 89 Mich App 30, 34; 279 NW2d 560 (1979). Absent a definite and firm conviction that the trial court erred, we will affirm its decision. *People v McGillen #1,* 392 Mich 251, 257; 220 NW2d 677 (1974); *People v Prast (On Rehearing),* 114 Mich App 469, 484; 319 NW2d 627 (1982).

Defendant was convicted for the March 10, 1984, shooting deaths of James and John Aronowski. On May 1, 1984, police were interrogating Robert Whetstone and James Allen concerning two other recent homicides. In the course of his interview, Whetstone stated that defendant was a good friend of his and Allen's. Sergeant Sanders was told to pick up defendant for questioning. Sanders drove to defendant's house, advised him that he was investigating a homicide possibly involving Allen and Whetstone, and asked him if he would come downtown to answer some questions. Defendant agreed.

Sanders began interviewing defendant at 6:00 P.M. without advising him of his rights. At 9:28 P.M. defendant began talking about an armed robbery unrelated to the homicides under investigation. At this point the police suspected that defendant himself may have been involved in criminal activity and advised him fully of his rights. Thereafter, defendant confessed to participating in the Aronowski murders.

The issue in this case is whether defendant was subjected to "custodial interrogation" when the police began questioning him upon his arrival at the police station. *Miranda v Arizona,* 384 US 436,

444; 86 S Ct 1602, 1612; 16 L Ed 2d 694, 706 (1966).[1] The trial court found that he was not and we do not have a definite and firm conviction that this finding was erroneous. *People v McGillen #1, supra.*

Custody occurs when a person has been deprived of his freedom of action in a meaningful way. *People v Blackburn,* 135 Mich App 509, 517-518; 354 NW2d 807 (1984), lv den 422 Mich 905 (1985). To determine whether a defendant was in custody at the time of interrogation, the totality of the circumstances must be examined. *Id.* The key question is whether the defendant could reasonably believe that he was not free to leave. *Id.*

Defendant testified at the *Walker* hearing that he was told he could not go home until he talked. The trial judge, however, found that defendant was not being entirely truthful. Sergeant Sanders testified that they planned to bring defendant back home that night and denied telling defendant that he could go home only after he finished answering some questions. Both defendant and Sergeant Sanders testified that defendant voluntarily agreed to come to the station to answer questions about his friends Whetstone and Allen who were in custody. At the time he arrived at the station defendant was not a suspect, at least to Sergeant Sanders' knowledge, in any ongoing criminal investigation. We find no error in the trial court's conclusion

[1] There is a conflict in Michigan as to whether the "focus test" or the "custody test" must be applied in determining whether *Miranda* advice must be given prior to police questioning. See *People v Wallach,* 110 Mich App 37; 312 NW2d 387 (1981) (focus test), and *People v Belanger,* 120 Mich App 752; 327 NW2d 554 (1982) (custody test). We think *Belanger* is better reasoned and apply the "custody test" here. Judge WALSH, who signed the *Wallach* opinion, is now persuaded that the issue was wrongly decided in that case. Judge MACKENZIE concedes error in the analysis of this issue in *People v D'Avanzo,* 125 Mich App 129; 336 NW2d 238 (1983).

that defendant was not under arrest or otherwise in custody when he came to the station for questioning.

Affirmed.

Judge SHEPHERD concurs for the reason that under the facts of this case the defendant was not in custody, was not the focus of the investigation and there is no evidence of coercion.