28 F.3d 1213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tyrome MARBURY, Petitioner-Appellant,
v.
John JABE, Respondent-Appellee.
 No. 93-1027.
 United States Court of Appeals, Sixth Circuit.
 July 5, 1994.
 
 Before: MERRITT, Chief Circuit Judge; GUY and NORRIS, Circuit Judges.
 MEMORANDUM OPINION
 PER CURIAM.
 
 
 1
 Petitioner, Tyrome Marbury, a prisoner in a Michigan corrections facility, appeals from an order of the district court denying his petition for a writ of habeas corpus. Essentially, he alleges that his convictions for second-degree murder resulted from his confession, and that the confession should not have been admitted at trial since it was the tainted product of unlawful custodial interrogation.
 
 
 2
 Both the state trial court and the Michigan Court of Appeals concluded that Marbury was not under arrest or otherwise in custody prior to receiving the warnings required by Miranda v. Arizona, 384 U.S. 436 (1966). See People v. Marbury, 151 Mich.App. 159, 390 N.W.2d 659 (1986). Furthermore, the state trial judge found that the questioning that took place after the warning was not coercive. Based upon the trial court's findings, the Michigan Court of Appeals stated:
 
 
 3
 Both defendant and Sergeant Sanders testified that defendant voluntarily agreed to come to the station to answer questions about his friends Whetstone and Allen who were in custody. At the time he arrived at the station defendant was not a suspect, at least to Sergeant Sanders' knowledge, in any ongoing criminal investigation. We find no error in the trial court's conclusion that defendant was not under arrest or otherwise in custody when he came to the station for questioning.
 
 
 4
 People v. Marbury, 151 MichApp. at 162.
 
 
 5
 A presumption of correctness attaches to the resolution of factual questions that state courts rely upon to arrive at their legal conclusions. 28 U.S.C. Sec. 2254(d). And the conclusions themselves are due great weight. Miller v. Fenton, 474 U.S. 104, 112 (1985). Our review of the record leads us to conclude that the findings of the state courts are supported by evidence in the record and are not clearly erroneous.
 
 
 6
 Accordingly, since Marbury is unable to demonstrate how he is in custody in violation of the Constitution or laws of the United States, the order of the district court denying the petition for a writ of habeas corpus is affirmed.