76 F.3d 379
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tyrome MARBURY, Petitioner-Appellant,
v.
John JABE, Respondent-Appellee.
 No. 93-1027.
 United States Court of Appeals, Sixth Circuit.
 Jan. 10, 1996.
 
 Before: MERRITT, Chief Judge; GUY and NORRIS, Circuit Judges.
 MEMORANDUM OPINION
 PER CURIAM.
 
 
 1
 This cause is before us on remand from the Supreme Court, Marbury v. Jabe, 64 U.S.L.W. 3396 (U.S., Dec. 4, 1995), in order that we might further consider our resolution of the appeal, Marbury v. Jabe, 28 F.3d 1213 (table), 1994 WL 326003 (6th Cir.1994), in light of Thompson v. Keohane, 116 S.Ct. 457 (1995). We now conclude that, although our reliance upon the presumption of correctness with respect to whether petitioner was in custody at the time that questioning began was misplaced, the denial of the petition for a writ of habeas corpus should be affirmed on the grounds originally articulated by the district court. Marbury v. Jabe, No. 90-CV-73479-DT, (E.D.Mich. Dec. 15, 1992).
 
 
 2
 In the course of its memorandum opinion and order, the district court analyzed the custody issue in the following terms:
 
 
 3
 [T]he ultimate issue of whether the person begin questioned was "in custody" is a legal question, involving an analytical judgment based on the various facts of the questioning [ ]. Consequently, whether a person being questioned by police is "in custody" at the inception of that questioning is a mixed question of law and fact. Therefore, it is not a finding of historic fact entitled to the § 2254(d) presumption of correctness. The issue of whether a person was "in custody" merits independent federal consideration during a habeas corpus proceeding.
 
 
 4
 Id., slip op. at 20. This reasoning is fully consonant with the holding of Keohane: "We hold that the issue whether a suspect is 'in custody,' and therefore entitled to Miranda warnings, presents a mixed question of law and fact qualifying for independent review." 116 S.Ct. at 460.
 
 
 5
 The district court went on to conclude that petitioner was in custody, but that the statement implicating him in the murders was made after he received Miranda warnings and was voluntarily given and unaffected by any earlier coercive atmosphere. We agree.
 
 
 6
 Accordingly, we affirm the denial of the petition for a writ of habeas corpus for the reasons expressed by the district court.